TATE, Judge.
This is a suit for workmen’s compensation benefits. Made defendant is the employer’s insurer. The plaintiff employee appeals from the dismissal of his claim.
The claim is based upon an alleged back-injury at work on July 22, 1961. The suit was tried in June 1962. Subsequent to the trial,, the district judge who heard the case was succeeded in office. The case was then submitted to a successor judge in late 1964, who dismissed the suit, feeling that the claimant had failed to fulfill the burden of proof required of a compensation claimant. The judgment of the deciding district court, which did not see and hear the witnesses, was thus not based upon an evaluation of the credibility of witnesses.
Therefore, the appeal presents solely the question of law whether or not under the record the plaintiff has borne the burden required of him to prove whether or not he sustained a disabling accident at work entitling him to workmen’s compensation benefits.
The evidence shows the following:
The plaintiff was a roughneck and truck driver with a drilling crew. He had been engaged in heavy oil field work for about five years without previous back incident. He had been working for his present employer for about six weeks. Near midnight on July 22, 1961, he had been Retailed to unload heavy pipe-slips from a truck.
The plaintiff testified that the full weight of a pipe was thrown onto him when his working partner dropped the other end. As a result, he immediately felt pain in his back. The plaintiff’s brother, who was a co-employee and was present, corroborated this testimony and also that the claimant stayed home in their rooming house near New Orleans for the next several days complaining of back pain.
On August 1st, nine days later, the plaintiff returned to his home near Crowley for treatment. On that date, he reported to Dr. Joe Ben Holden, his attending physician. Dr. Holden, found that the plaintiff was definitely disabled by an acute lumbo-sacral sprain together with a trauma-caused or -aggravated spondyolisthesis (the slippage of one vertebra over another), which produced obvious pain with objective symptoms, and a complete disability to perform labor. X-rays taken at the time also revealed evidence of the vertebra slippage.
The plaintiff was hospitalized in traction for approximately a month. He underwent a course of intensive physiotherapy for approximately three months. During this period, he was also examined by an orthopedist (Dr. Hatchette), who also concluded that the plaintiff was disabled and who in fact recommended surgery.
The testimony of these physicians indicates that the plaintiff’s disability was consistent with the work-accident which he and his brother described.
The only evidence produced by the defendant to negative an accident was the testimony of Bassett, the plaintiff’s foreman at the time of the accident. Bassett said that he did not see the accident and also stated that the plaintiff had never complained of a “back” injury (Tr. 52) before leaving for his home in Crowley.
However, Bassett admitted that, although he was at the scene, he had other responsibilities also and would not necessarily have noticed the unloading accident. Tr. 62. Bassett also testified that he knew Dunphy was complaining of a “rupture” or “hernia” after the unloading incident. Tr. 50, 62. This is significant, because (as the testimony of the attending physician and other *612 witnesses shows) the claimant had at first thought the pain was “a reoccurrence of an old hernia which had been repaired several years previously. Tr. 160, 161, 205, 227-228.
Bassett also testified that the superintendent knew that the plaintiff claimed he was hurt on the job, which was the reason the plaintiff was fired two days later. Tr. 58-59.
In our opinion, the claimant has borne the burden of proving a disabling accident at work. Proof by a preponderance of the evidence requires only that the evidence as a whole shows that the fact sought to be proved is more probable than not Town of Slidell v. Temple, 246 La. 137, 164 So.2d 276; Naquin v. Marquette Casualty Co., 244 La. 569, 153 So.2d 395; Perkins v. Texas & N. O. Railway Co., 243 La. 829,147 So.2d 646. In a workmen’s compensation case the testimony of the plaintiff alone may be sufficient to establish the occurrence of an accident, provided that there is nothing to discredit his testimony as to how it occurred, and provided further that his statements are supported by the surrounding circumstances. Wilturner v. Southern Bell T. & T. Co., La.App. 3 Cir., 177 So.2d 605. (decided this date).
In reversing a lower court’s holding that the claimant had not proved his case by a preponderance of the evidence, our Supreme Court stated in Edwards v. Shreveport Creosoting Co., 207 La. 699, 21 So.2d 878, 879-880: “The law is clear that the plaintiff in a compensation case bears the burden of proving his case with reasonable certainty, by a preponderance of the evidence. He is not obliged to furnish conclusive proof. * * * ‘By a preponderance of evidence is meant simply evidence which is of greater weight, or more convincing, than that which is offered in opposition to it.’ ” The plaintiff has in our opinion met this burden.
As to the duration of disability, the plaintiff remained under Dr. Holden’s treatment through November 1961. He remained at home until February 1962 without working, due to an inability to walk without disabling pain. In that latter month he returned to light work as a solicitor.
When the claimant was re-examined by Dr. Hatchette on March 26, 1962, Dr. Hatchette found no objective residual of the symptoms of disabling pain such as he had noticed on his prior examination. X-rays taken no longer reflected the vertebra-slippage previously discerned. An examination by another orthopedist (Dr. Morin) at about the same time likewise revealed no objective symptoms of orthopedic disability.
We think that the plaintiff has not proved residual disability beyond March 26, 1962.
In so holding, we think it appropriate to note, however, that on June 7, 1962, the attending physician (Dr. Holden) re-examined the claimant and found that there was a flare-up of the earlier condition, with the plaintiff’s complaints of pain evidenced by a mild limitation of motion. Nevertheless, in the absence in the present record of any other medical showing as to a post-March disability, and taking into consideration that under the present medical evidence as a whole the June 1962 flare-up may be causally unrelated to the work-injury and simply a temporary aggravation of a congenitally weak back brought on by a non-work incident, we do not believe that, under the present record construed as a whole, the evidence shows it to be more probable than not (i .e., a preponderance of the evidence does not prove) that the June 1962 flareup was a continuation of the work-caused disability such as to entitle the plaintiff to compensation for further disability beyond March 26, 1962.
The plaintiff’s wages at the time of the accident justify the award of compensation at the maxiimum statutory rate.
The proven medical expenses consist of the following: Dr. Holden, $166; Medicines, $9.13; Dr. Hatchette, $65; Physical therapy, $330; American Legion Hospital *613 (less x-rays), $373.49; x-rays, $50.00 (see Tr. 194, 256, 34-35); total: $993.65.

Decree.

For the foregoing reasons, we reverse the judgment of the trial court dismissing the plaintiff’s suit. It is ordered, adjudged, and decreed that there be judgment in favor of the plaintiff, Michael H. Dunphy, and against the defendant, the Liberty Mutual Insurance Company, holding the latter liable for workmen’s compensation benefits at the rate of thirty-five dollars ($35.00) per week from July 22, 1961 through March 26, 1962, and for medical expenses in the amount of Nine Hundred Ninety-Three and 65/100 ($993.65) Dollars, together with legal interest upon these amounts from date of delinquency of compensation payments and from date of demand for medical expenses. The defendant-appellant is likewise taxed with all costs of these proceedings (including the expert witness fees of the doctors testifying) and of this appeal.
Reversed and rendered.