215 So.2d 130

**STATE of Louisiana**

v.

**John GUFFEY.**

No. 49563.

Nov. 15, 1968.

In re: John Guffey applying for writs of certiorari (review), prohibition, mandamus and for a stay order.

Writ refused. By perfecting a proper bill of exceptions, applicant has an adequate remedy by appeal in the event of conviction. LSA–C.Cr.P. Art. 648 (especially comment (b) and Art. 649.

215 So.2d 130

**Gurthie A. MAYES and Charlie G. Garner**

v.

**Jessie J. McKEITHEN et al.**

No. 49506.

Nov. 15, 1968.

In re: Gurthie A. Mayes and Charlie G. Garner applying for certiorari, or writ of review, to the Court of Appeal, First Circuit, Parish of East Baton Rouge. 213 So. 2d 340.

Writ refused. On the facts found by the Court of Appeal there is no error in the judgment.

SANDERS, Justice. I am of the opinion a writ should be granted. The judgment of the Court of Appeal contains what appears to be a misstatement of the law governing the burden of proof in civil actions. Evidence showing that the existence of a disputed fact is more probable than not satisfies the burden of proof. See Town of Slidell v. Temple, 246 La. 137, 164 So.2d 276; Dunphy v. Liberty Mutual Insurance Company, La.App., 177 So.2d 610; Southern Farm Bureau Casualty Ins. Co. v. Florane, La.App., 173 So.2d 545; 1 Jones, The Law of Evidence, § 4, p. 6 (1938). Whether or not the misstatement of the burden of proof produced an incorrect result cannot be determined without a reexamination of the evidence. Hence, the record should be brought to this Court for review.