HOOD, Judge.
Mr. and Mrs. Carl Wayne Fontenot claim damages for personal injuries sustained by them as a result of a motor vehicle collision. The defendants are the Evangeline Parish Police Jury, Mrs. Marsaleet Jack and the latter’s insurer, State Farm Mutual Automobile Insurance Company. Judgment was rendered by the trial court in favor of defendants. Plaintiffs appealed.
The issues presented are whether Mrs. Jack or the Police Jury were negligent, and if so, whether plaintiff Fontenot also was negligent.
A companion suit arising out of the same accident was instituted by Mr. and Mrs. Jack against Fontenot, his insurer and the Evangeline Parish Police Jury, and that action was consolidated for trial with the instant suit. Judgment was rendered in that case in favor of Mrs. Jack against Fontenot and his insurer. The judgment rendered in that companion suit, however, is not before us on this appeal.
The collision involved here occurred about 6:45 A.M. on October 10, 1975, at the junction of Progress Road and Lithcote Road, in Evangeline Parish. Mr. Fontenot was driving his car east on Progress, and Mrs. Jack was driving her car south on Lithcote. While both parties were attempting to traverse that intersection, the front of the Jack automobile struck the left side of the Fontenot vehicle.
Lithcote Road was a heavily travelled, two-lane, blacktopped thoroughfare running north and south. It had been used generally by the public for many years. Progress Road was a new, blacktopped, two-lane thoroughfare which ran east and west. It was still under construction when the accident occurred. Progress formed a “T” intersection with the west side of Lith-cote, the latter forming the top of the “T” and Progress Road forming the leg of it.
Several months prior to the time this accident occurred, the defendant Police *188 Jury constructed a roadbed from Lithcote Road to Louisiana Highway 29, the latter being a heavily travelled highway located a short distance west of Lithcote. The Louisiana Department of Highways then blacktopped that roadbed, and the new route is called Progress (or Co-op) Road. All of the blacktopping had been completed by the time the accident occurred, except for a small part of it where the new road crossed a railroad track. The Police Jury had not accepted the newly constructed road, however, and it had not opened it for public traffic by that time. No stop signs or other traffic signs or control devices had been erected or installed at any of the intersections on Progress Road at that time. Barricades had been set up at both ends of that road, however, which warned motorists not to use it.
After the blacktopping had been substantially completed, and before this accident occurred, motorists occasionally moved the barricades and used the new road. The members of the Police Jury became aware of that fact, and in order to prevent or deter motorists from using the uncompleted road some of the jurors and their employees patrolled the road every day, or every other day, and on those patrols they replaced every barricade which had been removed. Progress Road was formally accepted by the Police Jury on October 13, 1975, three days after the above accident occurred, and at that time a stop sign was erected at the intersection of Progress and Lithcote, warning motorists travelling east on Progress to stop before entering the intersection.
Both of the drivers involved here were familiar with the roads or streets in that area. Mrs. Jack travelled over Lithcote Road almost daily in going to and from her place of employment. Fontenot lived in that vicinity and his mother lived on Lith-cote Road, a short distance north of the intersection where the collision occurred.
Shortly before the accident occurred Fon-tenot entered Progress Road at its intersection with Highway 29, and he began to drive east on that road. His wife was riding in the car with him. Their purpose was to travel east on Progress until they reached Lithcote Road, and then turn left on Lithcote and go to the home of Fonten-ot’s mother. The weather was foggy and visibility was poor. Fontenot was driving about 30 miles per hour and his headlights were burning when he reached the intersection of Progress and Lithcote. He concedes that he did not see the intersection or the Jack automobile until the cars collided, and that he thus did not apply his brakes or make an effort to avoid the accident. He made no attempt to turn to his left on Lithcote, since he did not see that street, and it is apparent that if the collision had not occurred he would have crossed Lith-cote and would have wound up on a narrow unimproved dirt lane which continued east from that “T” intersection.
Fontenot admitted that he knew that Progress Road was being constructed, and that on previous occasions he had seen barricades at the intersection of Highway 29 and Progress Road which blocked him from travelling on Progress. He, in fact, saw barricades on that road two or three days before the accident occurred. He stated that he had never travelled over the new road before the date of the accident, except that two days before that time he drove a short distance on it. He had driven through the “T” intersection involved here many times while travelling on Lithcote, but he had never entered that intersection from Progress Road before the morning of the accident. He testified that he did not see a barricade on Progress Road that morning, although he admits that there was a heavy fog and that visibility was bad.
Mrs. Jack was driving at a speed of about 30 miles per hour as she approached the intersection. She knew that Progress Road had not been opened for traffic. She observed the Fontenot car as it entered the intersection immediately in front of her, and she thereupon immediately applied her brakes but was unable to stop before the collision occurred. Her car left 30 feet of skid marks prior to the time it collided with the Fontenot vehicle.
*189 The trial judge obviously concluded that Mrs. Jack was free from negligence, since he rejected the demands of Mr. and Mrs. Fontenot against her in this suit, and he rendered judgment in favor of Mrs. Jack against Fontenot and his insurer in the companion suit. He also found that “the Police Jury did all within its power to keep the travelling public off of Progress Road until such time as it was officially accepted and opened.” He concluded that the Police Jury did not violate any duty it owed to the travelling public, that it was free from negligence, and that it thus was not liable in damages to the Fontenots.
We agree with the conclusions which were reached by the trial court.
Plaintiffs argue that the accident happened at an uncontrolled intersection, since there were no stop signs or other warning devices at that junction and no ordinance had been adopted declaring either street to be the right-of-way thoroughfare. They contend that since the crossing was uncontrolled, Fontenot had the right-of-way under LSA-R.S. 32:121, because the Jack automobile approached the intersection from his left. We find no merit to that argument. Progress Road had not been opened for public use, and its junction with Lithcote thus could not be considered as being an intersection within the meaning of LSA-R.S. 32:121. Mrs. Jack had the right to assume that no vehicles would use that road, and she was not negligent in failing to see the Fontenot car before it entered the intersection in front of her.
We find no merit to plaintiffs’ further argument that the Fontenot automobile pre-empted the intersection. The evidence convinces us that the two vehicles entered the crossing at substantially the same time.
Plaintiffs argue, finally, that the Police Jury was negligent in maintaining a dangerous intersection. They point out that the elevation of Progress Road was slightly higher than that of Lithcote, that that difference in elevation made it difficult for a motorist travelling east on Progress to see the intersection “under adverse conditions,” and that the Police Jury was negligent in not providing some type of warning for such motorists. We have already noted that Progress Road had not been opened for public use, and that the Police Jury had placed barricades on that road warning motorists, including Fontenot, not to use that road at all. We thus find no merit to this final argument of plaintiffs.
Since we have found that there was no negligence on the part of Mrs. Jack or the Police Jury, it is unnecessary for us to determine whether Fontenot was guilty of contributory negligence.
For the reasons assigned, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiffs-appellants.
AFFIRMED.