GUIDRY, Judge.
In this tort suit plaintiff seeks recovery of damages from the City of Alexandria. After trial, for oral reasons, judgment was rendered and signed dismissing plaintiff’s demands at his cost. Plaintiff appeals.
In support of his demand plaintiff alleges by petition that on or about August 23, 1979, he was driving on Swarthmore Street Alley in the City of Alexandria, “when his automobile was struck by a sewer line manhole which protruded above the thoroughfare”. He alleges further that the accident was “caused solely through the negligence of the City of Alexandria in failing to properly maintain the right of way”. The City filed answer generally denying the allegations of plaintiff’s petition and by way of further answer pleaded the contributory negligence of the plaintiff.
The only evidence presented for the trial court’s consideration was the testimony of plaintiff and his wife, the latter testifying only in regard to the alleged pain and suffering endured by plaintiff. Mr. Jennings testified as follows regarding the accident and its cause:
“Q. Okay. Now, approximately — Weil, let me ask you this. After you entered the alley what happened?
A. Well, I turned in kind of slow. When it happened — I don’t know what happened, but I thought a tree fell on the car. And, when I went to get out the car — I disremember how it was, but I seen it wasn't nothing on the car. I begin to look down then I see that one side of the car was leaned over — and I started to walk away for some help, and I turned — went back to look. My motor was still running. I cut the motor off, but I didn’t realize that windshield of the car, my head had broke it — the windshield out, but I didn’t know the lens was out of my glasses until I had got to a telephone to call my wife. She came out there. She said, ‘What’s wrong with your glasses.’ And I was walking around with my glasses on and I didn’t have no lens in my glasses.
Q. Okay. Now, was — how, how was your car moved from the, from the alley?
A. We — I pushed the car off of this thing — back myself then — when the po *720 lice come there, me and him pushed it back. He had some other fellow with him and — they got the fan belt back on— and he offered to carry me to the hospital the ’mergency room. I didn’t want to go cause I didn’t have any money. And I, I had to carry one of — a member of my family there just before then and I know what it cost. And I — he wanted to call a wrecker for the car. I didn’t call a wrecker for the car because I didn’t have wrecker fees. I knew I’d lose my car.

Q. Now, when is the first time that you saw what it was that caused the damage to your automobile?

A. When I pushed my car off of it.

Q. Now, you said your automobile was damaged. Mr. Jennings I want to show you this one page document, Eskew Towing and Frame Service, and ask you if you can identify it?

A. Yeah, this the one that he gave me.

Q. Is this to repair your car?

A. Yes. Yes.

Q. For the damages that were done by hitting that manhole cover?

A. Yes, sir. Yes, sir.

BY MR. KARST: Your Honor, I think we agreed—
BY MR. GIST: I’m going to object to — to the questions. I don’t think there’s been anything shown yet as to what caused the damage.

BY MR. KARST: I thought that we had agreed at the pretrial, Your Honor, that we would introduce these things.

BY MR. GIST: I’m not objecting to the document, I’m objecting to the form of the question.

BY THE COURT: The question will have to be rephrased.”

The above constitutes the entirety of the evidence presented on behalf of plaintiff to establish the cause of accident and the alleged responsibility of the defendant therefor.
The attorney for defendant declined the offer to cross-examine plaintiff and his wife whereupon plaintiff rested his case. Thereafter defendant rested its case with the following comment.

“BY MR GIST: Your Honor, I don’t think the City of Alexandria has anything to put on. I am kind of at a loss right now myself in this case. I, (sic) I think the City rests, Your Honor.”

Following the close of the case counsel for both parties were allowed the privilege of oral argument. In his argument able counsel for defendant urged that the evidence presented failed to establish what happened to plaintiff’s car other than it stopped. Specifically, defense counsel urged:

“There’s been nothing talked about (sic) about a manhole cover. There’s been nothing talked about as to why the car stopped, other than it stopped because Mr. Jennings thought a tree fell on it.”

At the close of defendant’s argument the following colloquy ensued between the court and counsel for both parties:

“BY MR. KARST: If my memory serves me, Your Honor, I asked Mr. Jennings when he first noticed what had actually caused it. He said, when they moved the car he saw the manhole with the cover protruding. That’s what I recall him saying.

BY MR. GIST: No, sir, I don’t think so. Your Honor is the judge of that.

BY MR. KARST: Regardless, Your Hon- or, I don’t think there’s any question about that that’s what caused it.

BY THE COURT: I’ll listen to Mr. Jennings testimony again, but I don’t recall there being anything said about what this car hit. Mr. Jennings said he thought a tree hit him. (Interruption)

BY MR. JENNINGS: I hit the manhole when I (Interrupted)

BY THE COURT: Well, wait a minute now. Wait. Excuse me Mr. Jennings, I understand but I’ve got to go by what evidence I’ve heard, and I don’t — I’ll listen to his testimony again, but I don’t recall anything being said about what the man hit.

BY MR. KARST: That’s fine, Your Hon- or. He recalls having said the manhole cover. I thought I asked him.

*721
BY THE COURT: I’ll listen to it again, but I don’t recall it, but I will listen to the testimony again carefully.

BY MR. KARST: Well, Your Honor, under the circumstances I wonder if it would be permissable to, you know, ask for a re-opening to get the testimony in the interest of justice and judicial economy?

BY MR. GIST: Your Honor, I object to that. I, I think the case—the plaintiff has rested and we’ve rested. I think the evidence has been submitted to the Court. Whatever evidence has been submitted is in the record.

BY THE COURT: I don’t think you can reopen at this point Mr. Karst.

BY MR. KARST: Well, I’ve had ’em reopened on me in federal court, Your Hon- or.

BY THE COURT: I understand.

BY MR. KARST: When deficiencies were pointed. That’s my only other experience with it. In the event that—I think it’s within the discretion of the Court, though I have no authority.

BY THE COURT: Well, I’ll look in the book on that one, too, but I don’t believe at this point having rested—the defense has rested, and no rebuttal. I don’t believe you can reopen. I think it’s fully sumitted. (sic) I’ll look up the law and see what it is, and I’ll listen to Mr. Jennings’ testimony on it.”

On appeal plaintiff urges that the trial court erred in dismissing his demands and in refusing to re-open the case upon timely motion.
We discern from the record that plaintiff moved for a re-opening of the case for the sole purpose of having plaintiff testify that the object with which his car collided was a sewer manhole which protruded above the level of Swarthmore Alley.
The decision whether or not to reopen a case for production of additional evidence after all parties have rested is within the sound discretion of the trial court and, unless there has been a showing of abuse of discretion the trial judge’s decision will not be disturbed on appeal. Poche v. Frazier, 232 So.2d 851 (La.App. 4th Cir. 1970), writs refused, 256 La. 266, 236 So.2d 36; Yeutter v. Lewis, 334 So.2d 728 (La. App. 3rd Cir. 1976); Rawls v. Damare, 377 So.2d 1376 (La.App. 4th Cir. 1979), writs refused, 380 So.2d 72 (La.1980).
We conclude that under the particular circumstances of this case the trial court did not err in refusing to reopen the case. We so determine because even if this additional fact were established plaintiff’s demands must be rejected.
The plaintiff in a civil action bears the burden of proving by a preponderance of the evidence every element of fact essential to his recovery. Proof which establishes only possibility, speculation or unsupported probability is not sufficient to establish a claim. Thibodeaux v. St. Joseph Hospital, 276 So.2d 703 (La.App. 1st Cir. 1973); Johnson v. Travelers Indemnity Co., 309 So.2d 357 (La.App. 2nd Cir. 1975), writ denied, 313 So.2d 604 (La.1975); Mayes v. McKeithen, 213 So.2d 340 (La.App. 1st Cir. 1968), writ refused 215 So.2d 130 (La.1968), certiorari denied, 396 U.S. 868, 90 S.Ct. 108, 24 L.Ed.2d 121.
Plaintiff seeks recovery of damages under authority of LSA-C.C. Article 2315. Considering the allegations of plaintiff’s petition and the provisions of the cited article, as judicially interpreted, plaintiff is entitled to judgment against defendant only upon proof that defendant was negligent or that defendant is responsible in damages to plaintiff under the provisions of LSA-C.C. Article 2317.
There is absolutely nothing in the record to establish that the accident of which plaintiff complains was caused by negligent acts or omissions on the part of defendant or its employees. Additionally, the record contains no proof whatever that “Swarth-more Alley”, on which plaintiff was traveling at the time of accident, is a public street. However, even if it be assumed that plaintiff was traveling on a public street the record contains no proof that a dangerous condition existed thereon. As *722 suming arguendo that a sewer manhole is located in Swarthmore Alley and does protrude above its level, there is no evidence which establishes the location of the manhole or that the manhole protrudes above the level of the street to a height which causes a dangerous condition. Finally, assuming arguendo that a dangerous condition did exist in Swarthmore Alley there is no evidence in the record to establish that defendant had actual or constructive knowledge of such dangerous condition. Considering the above it is obvious that plaintiff has failed to establish by a preponderance of the evidence the elements necessary to hold defendant liable on the ground of negligence.
Although our Supreme Court recently determined in Jones v. The City of Baton Rouge-Parish of East Baton Rouge, 388 So.2d 737 (La.1980) Supreme Court Docket No. 66480, that municipalities and other public bodies may be held liable for damages caused by things in their custody, it is clear that plaintiff has failed to establish by a preponderance of evidence the elements necessary for attaching liability to the defendant under the provisions of LSA-C.C. Article 2317. In Jones, supra, the court set forth the elements of proof necessary for establishment of liability under Article 2317 as follows:
"Because the responsibility for preventing the unreasonable risk of injury to others is unconditional, the injured party seeking damages under article 2317 need not prove that any particular act or omission on the part of the defendant caused his injuries. He must only prove that the thing which caused the damage was in the care or custody of the defendant, that the thing had a vice or defect — that is, that it occasioned an unreasonable risk of injury to another — and that his injury was caused by the defect. Loescher v. Parr, supra, at 446-447; Verlander, Article 2317 Liability: An Analysis of Louisiana Jurisprudence Since Loescher v. Parr, 25 Loyola L.Rev. 263 (1979).”
An examination of the record in this case clearly shows that plaintiff failed to make the necessary proof for application of Article 2317. First and foremost there is no proof in the record that Swarthmore Alley is a public street. Even if it be assumed arguendo that a sewer manhole is located in the alley there is no proof whatever that such was in the care or custody of defendant. Finally, as previously stated, there is no proof that the location and protrusion of the manhole above the level of the alley was such as to create an unreasonably dangerous condition to the motoring public.
For the foregoing reasons we determine that the trial court did not err in dismissing plaintiff’s suit nor did the court abuse its discretion in refusing to re-open the case following the close of evidence.
The judgment of the trial court is affirmed at appellant’s cost.
AFFIRMED.