BOUTALL, Judge.
This case arises from the sale of defendants’ home at a judicial sale. From a judgment in favor of defendants setting aside the judicial sale, the mortgagee has appealed.
Federal National Mortgage Association (FNMA) held a mortgage on a home in St. Rose, Louisiana, owned by Alfred and Elsie Williams. On January 25, 1982, after the mortgagors had failed to make a monthly payment for six months, FNMA filed foreclosure proceedings to recover the loan balance of $14,595.08. The proceedings went according to schedule, and the sheriff’s sale of the property was set for March 17, 1982 at 10:00 a.m.
*641 On the day before the sale Mrs. Williams telephoned First Fidelity Mortgage Company in Monroe, the homestead servicing FNMA’s loans in St. Charles Parish, asking to pay the arrearage and avoid losing her home. The homestead employee with whom she spoke informed her that if she could make a payment of $2,014.34 prior to the sale, FNMA would cancel the sale and reinstate the mortgage. There is a dispute as to the hour of the deadline, the homestead stating it was 10:00 a.m. and Mrs. Williams insisting that noon was the time given to her. The employee gave specific instructions for wiring the funds to the Central Bank of Monroe. Because Mrs. Williams had to gather money from several sources and convert it to cash or certified checks payable to the transferring bank in Norco, it was 2:40 p.m. before the wire transfer was made. The Norco bank employee then notified the Monroe bank by telephone, in Mrs. Williams’s presence, that the funds had been deposited and had been wired. The money did not reach the Monroe bank until 10:24 a.m. on March 17, and the homestead was notified of payment at 11:00 a.m.; however, the sale had taken place at 10:00 a.m. and the mortgagee had bid in the property. The act of sale was recorded on March 22, 1982.
In the meantime, Mr. and Mrs. Williams had obtained counsel, who filed a petition on March 23 to arrest the sale, alleging extinguishment of the debt through a tender of payment on March 16. When counsel realized that the sale had been recorded March 22 and the matter of enjoining the sale was moot, he filed an amended petition to annul the sale in an ordinary proceeding, alleging fraud, and seeking a preliminary injunction and a permanent injunction in order to protect the defendants’ rights during the pendency of the suit. The judge signed an order permitting counsel to convert his suit to ordinary process on March 26, 1982. At the conclusion of a hearing on the preliminary injunction the judge ruled to annul the sale.
The errors assigned by FNMA are: the court’s annulling the judicial sale in a summary manner without complying with the procedure required for an ordinary proceeding; its finding that legal tender of payment and payment had been made by defendants; and its voiding the sale on unproved allegations of fraud.
We find merit on the first assignment of error, i.e., that the court was in error in disposing of the merits of the defendants’ amended petition at a hearing on the preliminary injunction.
The sequence of procedural events is as follows. On Tuesday, April 13, the appellant was served with the amended petition and with notice of a rule to show cause on the preliminary injunction set for Monday, April 19. At the hearing the appellees called Mrs. Williams to testify as to her making payment to FNMA. Counsel for FNMA introduced into evidence an affidavit of the two employees who spoke with Mrs. Williams. (Mrs. Williams had telephoned First Fidelity for information a day or two before the March 16 call.) FNMA presented no witnesses, as the short notice made it impossible to obtain the necessary out-of-town witnesses. The judge then summarized his view of the case and ruled to annul the sale, directing the appellees’ counsel to draw up a judgment.
The appellees argue that, in accordance with the holding of Rayborn. v. Rayborn, 246 So.2d 400 (La.App. 1st Cir. 1971) FNMA should have filed a dilatory exception of unauthorized use of summary proceeding, which if not raised timely is waived. La.C.C.P. art. 926(3). This argument is without merit. The appellant had no reason to object prior to the hearing, as he was served notice only of a rule to show cause and not of a trial on the merits. The 15-day delay for answering a petition had not elapsed on the day of the hearing. La. C.C.P. art. 1571 provides that trial shall not be set until the answer has been filed. The amended petition converted the Williams’s suit to an ordinary suit for annulment of judicial sale. As stated in the petition, the appellees sought the injunction as a conservatory writ to keep the property at status quo until a decision on the merits would *642 annul the sale and declare them to be the owners. Before the judge’s ruling, the appellant had no basis for filing an exception under La.C.C.P. art. 926(3).
In Jennings v. City of Alexandria, 394 So.2d 718 (La.App. 3rd Cir.1981) the court said at 721:
“The plaintiff in a civil action bears the burden of proving by a preponderance of the evidence every element of fact essential to his recovery....”
The appellant on five days’ notice could not have been expected to be prepared for trial. As FNMA had no opportunity to present a defense in a trial, we cannot determine whether the plaintiffs carried their burden of proof.
A preliminary injunction, for which a minimum of two days’ notice is required by La.C.C.P. art. 3602, may be issued on a prima facie showing that the party is entitled to injunctive relief, without which he would be irreparably injured. Picard v. Choplin, 306 So.2d 918 (La.App. 3rd Cir. 1975). The time interval in this case meets the requirements of La.C.C.P. art. 3602.
The trial judge commented as follows before rendering judgment:
“The issue as I see it, is that we are talking about twenty-four minutes. Twenty-four minutes from a person losing their house and the time of not losing it. Twenty-four minutes in which a person called the creditor and the affidavit, the creditor’s own affidavit indicates basically what the witness has testified to with the exception of some of the things which are favorable, of course, to the petitioner.
But, as the issue is — is that the Sheriff’s sale took place at 10:00 and at 10:24 the money had arrived there. Evidently what had happened is that from the time of transferral from the American Bank and the bank of Monroe, it takes a certain amount of time to do this and whatever time it took, this caused the delay.
While this court finds that probably all the aspects of the law have been complied with by the creditor, the justice of the situation, this court finds that the creditor is judicially estopped from asserting any defenses in saying that payment was not made because payment was made and it was properly made and it was tendered and received.”
Our examination of the record convinces us that the court would have been justified in finding that the appellees made a prima facie case for a preliminary injunction. We find that the court incorrectly converted the hearing from a rule for a preliminary injunction to a trial on the merits on his own motion. Because this error requires that the case be remanded to the trial court for further proceedings, we need not consider the other issues raised by the appellant.
Accordingly, we set aside the judgment decreeing that the sheriff’s sale of March 17, 1982, is void and amend the judgment in favor of the defendants, Mr. and Mrs. Alfred Williams, ordering that a preliminary injunction issue herein according to law, directed to the plaintiff, First National Mortgage Association, and restraining, enjoining, and prohibiting the plaintiff, its agents, employees, and all other persons, firms, or corporations acting or claiming to act in its behalf from dispossessing petitioners and asserting ownership over the property described as follows:
THAT CERTAIN PIECE OR PORTION OF GROUND, together with all the buildings and improvements thereon, and all the rights, ways, privileges, servitudes, appurtenances and advantages thereunto belonging or in anywise appertaining, situated in the Parish of St. Charles, Louisiana, designated as Lot No. 26 in Square “E” of Preston Hollow Subdivision, as per plan thereof prepared by J.J. Krebs & Sons, Inc., dated October 16, 1968, filed October 29, 1968, said lot bearing the same dimensions, locations and boundary as shown on said plan.
Improvements thereon bear Municipal No. 540 Turtle Creek Lane, St. Rose, Louisiana.
We further order that the suit be remanded to the trial court on questions rela *643 tive to a bond and for trial of the merits and whatever other proceedings are necessary. Cost of this appeal is to be assessed against the appellees, all other costs to await the final outcome of the defendants’ lawsuit.
SET ASIDE IN PART, AMENDED AND REMANDED.