445 So.2d 139 (1984)
Junius DEROUEN, Plaintiff-Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et al., Defendants-Appellees.
No. 83-408.
Court of Appeal of Louisiana, Third Circuit.
February 1, 1984.
Rehearing Denied February 29, 1984.
*140 J. Michael Placer, Lafayette, for plaintiff-appellant.
Roy, Forrest & Lopresto, L. Albert Forrest, Armentor & Wattigny, Minos H. Armentor, New Iberia, for defendants-appellees.
Before DOMENGEAUX, DOUCET and LABORDE, JJ.
DOMENGEAUX, Judge.
The case before us was previously remanded to the trial court to consider the liability of the defendants, Evelyn M. Jean-Louis and her insurer, State Farm Mutual Automobile Insurance Company. Proceedings were initially instituted by plaintiff-appellant, Junius Derouen, against defendants-appellees, City of New Iberia, Evelyn M. Jean-Louis, and her liability insurer, State Farm Mutual Automobile Insurance Company. Plaintiff sought to recover for personal injuries and property damages allegedly resulting from an automobile accident which occurred at the intersection of Robertson and Corinne Streets in the City of New Iberia. Thereafter, New Iberia filed a third party claim against defendants, Jean-Louis and State Farm, who in turn reconvened against it. After the plaintiff had rested, the trial judge granted a motion for a directed verdict moved for by Jean-Louis and State Farm dismissing those defendants from the law suit. Following *141 trial, judgment was rendered in favor of New Iberia against the plaintiff, dismissing plaintiff's suit at his costs. Plaintiff then appealed against all defendants. In our review of that case, published as Derouen v. City of New Iberia, et al., 415 So.2d 596 (La.App. 3rd Cir.1982), we reversed the trial court and ordered judgment in favor of the plaintiff and against the City of New Iberia. We further ordered that the judgment of the lower court granting defendants, Jean-Louis and State Farm's motion for a directed verdict be reversed and we remanded the matter to the district court to allow Jean-Louis and State Farm the opportunity to introduce evidence in their defense in order to determine whether or not they should be held solidarily liable with defendant City. After trial of the matter on remand the district court granted judgment dismissing the demands of the plaintiff against Jean-Louis and State Farm. Plaintiff has perfected this appeal of that judgment and the controversy is therefore before us for the second time.
On August 31, 1978, an electric semaphore traffic signal controlling the intersection of Robertson and Corinne Streets was malfunctioning. Plaintiff entered that intersection while traveling east on Robertson Street and as he proceeded through the intersection his vehicle was struck on the right rear side by defendant Jean-Louis' vehicle which was traveling north on Corinne Street.
At trial the police officer who investigated the accident, Officer Lacy, gave two different versions of the manner in which the light was malfunctioning: In his report, his deposition, and in the predominant part of his testimony at trial he claimed that when the light was malfunctioning plaintiff had a green light and defendant Jean-Louis had no light at all; conversely, in his deposition and in response to cross-examination based on that isolated statement in his deposition, he said that when the light malfunctioned defendant Jean-Louis had a green light and plaintiff had no light at all. On original hearing we held that it was manifestly erroneous for the trial court to base its judgment entirely on the last version and determined that the most credible version of the officer's conclusion concerning the light operation was to be found in the report prepared the day of the accident. That report states that on some cycles plaintiff's signal showed green and defendant's signal showed no color at all. Therefore we found the evidence to preponderate in favor of the plaintiff who claimed to have had the right-of-way as he proceeded into the intersection.[1]
On remand the investigating officer testified that despite the vacillations and contradictions in his prior testimony his best recollection was that the light would be green facing traffic driving north on Corinne and would be a blank or no light at all, facing traffic traveling east on Robertson. The trial judge in his written reasons for judgment stated:
"Despite his [Officer Lacy's] confusion, the Court has to conclude, for whatever it is worth, that his statement was as is shown above, and, to that extent, that it favors defendants Jean-Louis and State Farm Insurance Company.
* * * * * *
Unfortunately, the testimony of the Jean-Louis' driver and passenger had to be presented to the Court by deposition. Jean-Louis' passenger, ..., was dead at the time of remand trial. The Jean-Louis' driver was committed to an institution at the time of remand trial. Everyone agrees they were not available. The depositions were accepted into evidence. They both state clearly that they *142 were faced with a green light at the time they entered this intersection.
* * * * * *
There is no evidence whatsoever to contradict the evidence given by the Jean-Louis' driver and passenger. The only other evidence whatsoever is the evidence of Officer Lacy, confused as it was, and it supports the testimony of the Jean-Louis'. If we consider that it was impossible for both drivers to have had a green light (although both experts said anything was possible) then there are no physical facts or evidence whatsoever to show negligence of the Jean-Louis'. It is true that the Derouen vehicle preceded the Jean-Louis vehicle, by a few feet, into the intersection so that the front of the Jean-Louis' car struck the right rear of Derouen's car. Derouen also admitted that he sped up when he saw them coming, which could account for his being slightly further into the intersection than they. The Court does not believe that this would constitute preemption of the intersection, under applicable principles.
The Court has another reason for believing that the Jean-Louis car did not enter Robertson Street on an adverse light or without stopping if no light was visible. Robertson Street is a much more heavily traveled, wider street. Anyone who lives in the City of New Iberia would automatically, upon entering Robertson Street, (unless completely heedless of his own safety) slow down and observe traffic conditions on this major east-west thoroughfare. The evidence clearly shows that the southwest corner (the corner between the drivers of these vehicles) was a blind corner making it impossible for the drivers to see one another until they were almost in the intersection.
The Court takes into consideration all of the evidence of the first hearing and the evidence of the remand in deciding this case. As stated previously, Robertson is an unusually wide street and is the major east-west thoroughfare between Iberia Street and Hopkins Street some ten blocks distant. There are a great number of businesses located on this street, as well as on Hopkins Street to the west, as well as on Iberia Street to the east. Robertson Street has no stop signs on it except for one 4-way stop sign at one intersection near Iberia Street. The other east-west streets in the area all have stop signs giving north-south traffic the right of way. It is a matter of common knowledge that traffic entering Robertson Street (on those streets not controlled by a semaphore light) has to be extremely cautious in entering Robertson Street. The corner of the intersection, located between the drivers of these two vehicles at the time, had a house built very close to the corner. There was a large bush growing directly on the corner which makes it almost a blind intersection. The Court finds it very difficult to believe, under the circumstances, that the driver of the Jean-Louis vehicle would have entered Robertson Street on a red light or on a signal not showing any light, without stoppingand without checking for traffic on Robertson Street.
* * * * * *
As the Court sees the matter, Derouen, the plaintiff, is under the burden of proving by a preponderance of the evidence that it was the negligence of the Jean-Louis' which caused this intersectional collision. Taking into consideration the evidence of Officer Lacy; the evidence of the driver and passenger in the Jean-Louis' vehicle; as well as the improbability of a driver entering a main thoroughfare from a lesser street, on an unfavorable light, the Court cannot say that the plaintiff, Junius Derouen, has discharged his burden of proving, by a preponderance of the evidence, the negligence of the Jean-Louis'."
We agree with the trial judge that the doctrine of preemption does not apply because before a motorist can successfully rely upon that doctrine, he must show he entered the intersection at a proper speed *143 sufficiently in advance of the adverse vehicle without requiring any emergency action by the adverse vehicle. Abshire v. Southern Farm Bureau Casualty Insurance Company, 346 So.2d 1354 (La.App. 3rd Cir. 1977); Fontenot v. State Farm Mutual Insurance Company, 345 So.2d 186 (La. App. 3rd Cir.1977). The facts here clearly do not indicate that to be the case because the Derouen vehicle preceded the Jean-Louis vehicle only by a few feet and as the trial judge pointed out in his written reasons for judgment that could be accounted for by the plaintiff's admission that he sped up when he saw the defendant's automobile approaching.
It is fundamental law that a plaintiff bears the burden of proving his case. Ashford v. Richards, 228 So.2d 530 (La. App. 1st Cir.1969). Further, negligence must be established with reasonable certainty and by a preponderance of the evidence: The showing of a near possibility or probability of negligence is insufficient. Mayes v. McKeithen, 213 So.2d 340 (La. App. 1st Cir.1968), writ refused 215 So.2d 130 (La.1968). We agree with the trial judge that plaintiff has not established negligence on the defendant's part but has merely shown the possibility of negligence. As pointed out by the trial judge there is no evidence that effectively rebuts the testimony of the Jean-Louis' that they did not proceed through the intersection with the traffic light indicating a green signal. That being the case, negligence of the defendant has not been proven. On the record before us we cannot say the trial judge committed manifest error in dismissing plaintiff's demand on the basis that he had not proved negligence on the part of the driver of the Jean-Louis vehicle.
For the above and foregoing reasons the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] Plaintiff relies upon the language in our earlier decision which indicates he had the right-of-way. However, that decision did not address the factual determinations relevant here but rather held the City of New Iberia to be liable because of its malfunctioning light and the City's failure to show negligence on the part of Derouen, the plaintiff. The purpose of this appeal is to decide the preponderance of the evidence as between the plaintiff and the driver of the Jean-Louis vehicle.