KNOLL, Judge.
Plaintiffs, P.S. Jefferson, Jacqueline Woodard and Ada Bell Newman, sued defendant, Frank B. Antee, for damages arising out of a two-car accident at an intersection in Colfax. Defendant, Antee, reconvened against P.S. Jefferson and his insurer, United States Fidelity and Guaranty Company, for any amounts rendered in favor of Ada Bell Newman and/or Jacqueline Woodard and against himself. The trial court rendered judgment in favor of defendant, finding that plaintiffs failed to prove fault on the part of defendant in connection with the accident, rejecting defendant’s reconventional demand. Plain *149 tiffs appeal, contending the trial court erred in: (1) failing to find the defendant at fault; (2) improperly considering concluso-ry evidence and in considering opinion evidence from a witness not qualified as an expert; and, (3) failing to award damages. We affirm.
The essential facts, as stated by the learned trial judge, are incorporated herein:

“This suit is based on a minor automobile accident which occurred in Colfax, Louisiana on April 12, 1982. The accident occurred on Cedar Street which intersects with Louisiana Highway 8 in Colfax. Defendant, Frank Antee, was driving his Ford vehicle on Cedar Street when he came to a stop at Cedar Street’s intersection with Highway 8. Plaintiffs, P.S. Jefferson and Ada Bell Newman, were seated in their Chevrolet vehicle which was parked off Cedar Street at an angle to that street near its intersection with Highway 8. It is at this point that the accounts of what took placed markedly differ.

Plaintiffs contend that defendant stopped at the intersection of Cedar Street and Highway 8 and then backed into the vehicle in which plaintiffs were sitting. Defendant claims that he stopped at the intersection and while stopped plaintiffs backed into his vehicle. In any event, the accident resulted in very minor damage to the automobiles and no one ws [sic] physically injured. However, plaintiff, P.S. Jefferson did suffer a heart attack and stroke approximately eleven days after the accident. Plaintiffs allege that this heart attack and stroke were caused by the automobile accident.”

The plaintiffs first contend the trial court erred in not finding Frank Antee at fault.
Plaintiffs must prove every element of their case by a preponderance of the evidence. The burden of proving causation may be met by direct or circumstantial evidence. Jordan v. Travelers Insurance Co., 245 So.2d 151 (La.1971); Naquin v. Marquette Casualty Company, 244 La. 569, 153 So.2d 395 (1963). Causation must be established between that which the defendant did or failed to do and the damages resulting from the act or omission. Patterson v. Garic, 411 So.2d 1091 (La.App. 4th Cir.1982), writ denied, 415 So.2d 950 (La.1982). The tortious conduct must be established with reasonable certainty and by a preponderance of the evidence; a mere showing of possibility or probability is not sufficient. Derouen v. State Farm Mutual Auto Insurance Co., 445 So.2d 139 (La. App. 3rd Cir.1984). This does not mean that it must negate all other possible causes. Otherwise, the mere identification by the record of another possibility, although not shown to be casually active, would break the chain of causation. Dixie Drive It Yourself System v. American Beverage Company, 242 La. 471, 137 So.2d 298 (1962).
The learned trial judge succinctly summarized the evidence, as follows:

“Ada Bell Newman, one of the three plaintiffs, testified that she was 85 years old and had been taken to the food stamp office by P.S. Jefferson to obtain food stamps. Mrs. Newman stated that Mr. Jefferson parked the vehicle, and he remained in the car while she got her food stamps. Mrs. Newman testified that she reentered the Jefferson vehicle and was reaching to close the door when the accident occurred. Mrs. Newman further stated that the car she was in had not moved from the parking space at the time of the accident.

Plaintiff also called Mary Hart who testified that she saw Mr. Antee’s car proceed from Cedar Street onto Highway 8 and then back into Cedar Street to allow a car to pass. Ms. Hart heard a noise shortly thereafter but did not know how much time elapsed between the backing and the noise.

Another witness called by plaintiff was Joe Swafford, the city marshall who investigated the accident. Mr. Swaf-ford testified that defendant, Mr. An-tee, admitted to backing up after proceeding too far onto Highway 8. Mr. 
*150
Swafford further testified that plaintiff Mr. Jefferson, had backed up also, thinking Mr. Antee was gone. The accident report made by Mr. Swafford stated that plaintiff had backed into defendant. Mr. Swafford testified that he based this report on the physical evidence found at the scene of the accident. This evidence seemed to consist mainly of the finding that the rear of plaintiff’s car was extending into Cedar Street, which tended to show that plaintiff had backed out of his parking space and into defendant.

Plaintiff also introduced four pictures of the two cars involved which showed the damage to each car resulting from the accident.

Defendant’s case consisted of testimony by Mr. Antee (via his deposition) and by his guest passenger, Mrs. Elvie lowers. Both testified that their car was perfectly still when the Jefferson vehicle backed into the Antee vehicle.”

After a careful review of the record we find that the trial court’s finding of fact that the plaintiffs failed to carry their burden of proof that Frank Antee was at fault in causing the accident is not manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Secondly, appellants contend that the trial court considered conclusory evidence offered by Officer Swafford and further erred in allowing Officer Swafford to testify as an expert. Officer Swafford testified that his investigation of the accident indicated that the plaintiffs had backed into the defendant, and that plaintiffs’ car had backed out of the parking space into the street. Officer Swafford’s testimony was based primarily on an accident report of the physical evidence found at the scene of the accident.
The determination of whether a witness is qualified to testify as an expert rests within the sound discretion of the trial judge. Faustina Pipe Line Co. v. Hebert, 469 So.2d 483 (La.App. 3rd Cir.1985), writ denied, 474 So.2d 1295 (La.1985). We have carefully reviewed the record and find that the trial court did not abuse its sound discretion in accepting Officer Swafford as an expert.
Since we find that the record supports that the defendant was not at fault in causing the accident, plaintiffs’ third assignment of error requesting quantum will not be addressed.
For the foregoing reasons the trial court’s judgment is affirmed. Costs of this appeal are assessed to plaintiffs-appellants.
AFFIRMED.