332 So.2d 553 (1976)
ERNEST JOUBERT COMPANY
v.
Ellyna TATUM.
No. 7657.
Court of Appeal of Louisiana, Fourth Circuit.
May 18, 1976.
Rehearing Denied June 9, 1976.
Philip R. Riegel, Jr., and Sydney J. Parlongue, New Orleans, for plaintiff-appellee.
H. Cliff Remm, New Orleans, for defendant-appellant.
Before STOULIG, SCHOTT and BEER, JJ.
SCHOTT, Judge.
The tenant has appealed from a judgment making absolute plaintiff's rule for possession of premises.
The record contains a copy of a notice to vacate the premises at the expiration of the rental period on January 24, purportedly served by plaintiff's agent on January 5 by the method "tacked on door." The rule for possession was filed on January 29 and *554 was tried on February 5. The tenant answered the rule to the effect that the service of process was defective since the factual conditions precedent for the landlord to avail himself of the tacking provisions of LSA-C.C.P. Art. 4703 were not present and that this article is unconstitutional since its provisions violate a tenant's due process. Other factual defenses were also alleged which need not be detailed herein.
The judgment of eviction recites that an agent for the plaintiff and the defendant were present at the trial of the rule and that the court ordered the eviction "after hearing the law and evidence." There was no transcript taken of the testimony, and there is no narrative of facts pursuant to C.C.P. Art. 2131.
Art. 4703 authorizes the tacking procedure "[i]f the premises are abandoned or closed, or if the whereabouts of the lessee or occupant is unknown. . ." Appellant would have us reverse the judgment on the theory that it is now appellee's burden to show on the face of the record that these conditions existed entitling him to utilize the tacking procedure. We disagree. These are factual questions which we must assume were testified to at trial by plaintiff's agent, who was the same agent as the one who tacked the notice on the door of the premises. Since there is no transcript or narrative of facts appellant is in the same position as was the appellant in Landry v. Landry, 323 So.2d 507 (La.App.4th Cir. 1975), in which the appeal was dismissed.
As to the constitutional attack on Art. 4703 appellant has cited no relevant authority for the proposition that the tacking alternative is constitutionally repugnant, and we cannot assume such to be the case. This is a special procedure involving the possession of specific premises which is only authorized under conditions where it seems to be the only practical or workable method of effecting service. By the procedure, the tenant is not subjected personally to the jurisdiction of the court, but only his right to possession of those premises is involved.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.