377 So.2d 889 (1979)
Dominic ALAIMO
v.
Elizabeth V. HEPINSTALL.
No. 10398.
Court of Appeal of Louisiana, Fourth Circuit.
November 8, 1979.
*890 Claudia Susan Dunn, Kehl & Pickering, New Orleans, for plaintiff-appellee.
Pamela L. Jackson, New Orleans, for defendant-appellant.
Before SAMUEL, REDMANN and SCHOTT, JJ.
SCHOTT, Judge.
Defendant has appealed from a default judgment of eviction. She takes issue with the landlord's right to avail himself of the provisions of LSA-C.C.P. Art. 4703, authorizing him to serve her by attaching the various notices to the door of the premises.
The record shows that the original notice to vacate the premises was served by the landlord by tacking. The rule for possession of the premises was served by the constable and again by tacking. Finally, the notice of judgment with the 24-hour notice to vacate was served by the constable by tacking. Art. 4703 provides as follows:
"If the premises are abandoned or closed, or if the whereabouts of the lessee or occupant is unknown, all notices, process, pleadings, and orders required to be delivered or served on the lessee or occupant under this Title may be attached to a door of the premises, and this shall have the same effect as delivery to, or personal service on, the lessee or occupant."
In her brief defendant argues that plaintiff had no right to use the tacking procedure because her whereabouts were not unknown inasmuch as she "seldom leaves her apartment and would know if anyone attempted to serve her." She also argues that she did receive the 5-day notice to vacate as well as the 24-hour notice to vacate and contacted her counsel each time, and would therefore conclude that the tacking of these notices was improper since she must have been on the premises at the time.
As we pointed out in Ernest Joubert Company v. Tatum, 332 So.2d 553 (La.App. 4th Cir. 1976) we must make certain assumptions from the record even though there is no transcript of the testimony. The judgment proclaims that the trial court considered the law and evidence to be in favor of plaintiff "after hearing the law and evidence." The landlord who tacked the notice on the door of the premises must have satisfied the trial judge that the procedure was proper under the circumstances. If we depart from the record and accept the statement made by defendant in her brief that she got the 5-day notice to vacate we must assume that she was either out at the time the notice was tacked or was inside the premises and refused to make her presence known to plaintiff. In either case Art. 4703 seems to be properly available to the landlord. This article authorizes tacking "if the whereabouts of the lessee or occupant is unknown." It does not impose the same stringent condition of Art. 5251(1) which defines an absentee as one "who cannot be found and served after a diligent effort."
Defendant has not suggested anything in her brief which would preclude plaintiff from using the tacking procedure.[1]
Accordingly the judgment is confirmed.
CONFIRMED.
NOTES
[1] Curiously defendant's admission that she did receive the notice while complaining that it was tacked on the premises rather than served on her would seem to weaken her position inasmuch as she did have ample notice in which to file pleadings and prevent a default. Equally curious is the statement by plaintiff in his brief that she was personally served with the notice to vacate, even though the record shows tacking. We have chosen to disregard these so-called facts which are not in the record and decide this case purely on the theory that the landlord tacked the notice on the premises.