LABORDE, Judge.
In this appeal the sole specification of error is whether the Sulphur City Court acted prematurely and without jurisdiction when it rendered a default judgment *869 against the defendant nine days after citation and service of process while the defendant, under LSA-C.C.P. art. 4915, was entitled to ten days to answer the petition.
This suit was instituted by Johnnie Waters, who claimed that Steve Keever, was indebted to him in the amount of $406.29. Service of citation occurred on January 10, 1983 and judgment was entered on January 20, 1983. Louisiana Code of Civil Procedure Article 4915, which applies to cases involving $500.00 or less in city courts, provides:
“The defendant shall answer within ten days of the service of citation, except that when the citation is served through the secretary of state, the delay, as to all defendants, shall be fifteen days after service.
Acts 1979, No. 46, § 1, eff. Jan. 1, 1980.”
Applying the guidelines LSA-C.C.P. art. 5059, the date of service of citation is not counted. Thus, only nine days had elapsed when the trial court entered the default judgment.
We conclude that the Sulphur City Court was premature in entering the default judgment. The judgment is hereby set aside, and this matter remanded to the trial court for trial on the merits. Costs of this appeal are assessed against plaintiff-appel-lee, Johnnie Waters.
REVERSED AND REMANDED.