546 So.2d 817 (1989)
John A. McLELLAN
v.
R. Johnathan PEARSON.
No. 89-CA-68.
Court of Appeal of Louisiana, Fifth Circuit.
June 7, 1989.
*818 Marianne E. Morales, Metairie, for plaintiff-appellee.
William Noland, New Orleans, for defendant-appellant.
Before KLIEBERT, DUFRESNE, and WICKER, JJ.
DUFRESNE, Judge.
Defendant, R. Johnathan Pearson, appeals the judgment of the trial court ordering his eviction from leased premises owned by the plaintiff, John McLellan, and awarding past due rental payments, as well as attorney's fees and interest.
McLellan filed this lawsuit seeking Pearson's eviction from a warehouse in Kenner, and for past due rents. Service of process was effectuated by "tacking" a certified copy of the petition and citation upon the warehouse door.
Pearson argues that the trial court lacked jurisdiction over him because McLellan attempted service upon him by attaching the petition and citation to the door of the warehouse. Furthermore, he contends that McLellan improperly cumulated this lawsuit by incorporating a summary proceeding (eviction) with an ordinary proceeding (collection of past due rents). Pearson argues that LSA-C.C.P. art. 4703 authorizes the use of tack service, only in a summary proceeding i.e., (eviction), thus any money judgment would be improper. Because he takes issue with McLellan's right to avail himself of the provisions of LSA-C.C.P. art. 4703, and to cumulate these actions, he filed exceptions of lack of jurisdiction over the person, insufficiency of service of process and citation, and no right of action.
On the final hearing in this matter, the trial court denied all of Pearson's exceptions and granted judgment for McLellan. Pearson was ordered to vacate the warehouse and to pay $12,175.00 for past due rents, with legal interest, $3,500.00 in attorney's fees and all court costs. From this judgment Pearson had devolutively appealed contending the trial court lacked jurisdiction to order his eviction or render a money judgment. Additionally he asserts that this lawsuit was improperly cumulated.
*819 Pearson argues that McLellan had no right to use the tacking procedure because the warehouse was not abandoned nor closed; in fact, he asserts that he was operating his business from the leased premises at the time service of the petition was tacked to the warehouse door. In any event, tacking of a notice or petition is only proper in limited circumstances (C.C.P. 4703) and used only in a summary proceeding.
The record reveals that McLellan attempted to notify Pearson either personally or through his attorney, in writing via certified mail, return receipt requested of serious overdue rental payments on three occasions, June 20, 1988; July 7, 1988 and August 12, 1988. All written notifications were properly and correctly addressed to Pearson at the warehouse which he allegedly occupied at the time this lawsuit was filed and served. All notices were returned to McLellan unclaimed. However, Pearson did finally respond after McLellan filed this lawsuit by filing exceptions and an answer. Pearson became fully aware of the legal proceedings issued against him. The record reflects that at the conclusion of the first hearing on Pearson's exceptions, he was personally served by the clerk in the court room and advised at that time, when to appear for the next hearing to respond to McLellan's allegations for eviction.
The tacked service on the door of the warehouse satisfies us that the procedure was proper under the circumstances. We find Pearson's constitutional rights of due process and fundamental fairness have not been violated and his eviction is affirmed.
The trial court's judgment for the past due rentals was properly rendered after a hearing on the merits held over two months after the summary proceeding for eviction. Although at the merits hearing the case was submitted by the parties, the defendant was afforded the opportunity to present any defenses he may have.
The defendant's allegation of improper cumulation of actions is basically misfounded. The trial court held a summary proceeding for the eviction rule and then the matter was set for trial on the merits for the alleged past due rentals. Further we also recognize that in order to prove that the plaintiff was entitled to an eviction, here he would likewise prove that the rentals were past due and owing, thus the reason for the submission of the case at the merits hearing.
Accordingly, we find no error in the ruling of the trial court and the judgment is affirmed at the appellant's cost.
AFFIRMED.