589 So.2d 83 (1991)
FAIRFIELD PROPERTY MANAGEMENT STONE VISTA APARTMENTS, Plaintiff-Appellee,
v.
Tara EVANS, Defendant-Appellant.
No. 22851-CA.
Court of Appeal of Louisiana, Second Circuit.
October 30, 1991.
Northwest Louisiana Legal Services, Inc. by Walter McClatchey, Jr., Shreveport, for defendant-appellant.
Smitherman, Lunn, Chastain & Hill by Donald Lee Brice, Jr., Shreveport, for plaintiff-appellee.
Before SEXTON, NORRIS and LINDSAY, JJ.
LINDSAY, Judge.
The defendant/lessee, Tara Evans, suspensively appeals from a trial court judgment ordering her eviction from an apartment at the Stone Vista Apartments in Shreveport, Louisiana. For the following reasons, we affirm the trial court judgment.

FACTS
The plaintiff, Fairfield Property Management, is the management company in charge of the Stone Vista Apartments. The defendant, a tenant at this complex, originally occupied Apt. #322. In 1989, she moved from that apartment to Apt. # 214. The plaintiff alleged that the defendant left the old apartment in an unsatisfactory condition and failed to pay the resulting charges. Specifically, the defendant failed to clean the stove or refrigerator, take out the trash, or leave several *84 light bulbs. The defendant subsequently signed an addendum to her lease wherein she agreed to pay the costs of repairs to Apt. #322.
Additionally, two window panes had to be replaced in the defendant's new apartment in December, 1989. The defendant also allegedly failed to pay the charges for these expenses.
Consequently, the plaintiff filed a petition for eviction on September 5, 1990. Mr. Randy Barrish, a Shreveport deputy city marshal, went to the defendant's new apartment to serve the citation. He knocked several times and looked for signs of someone being at home. Unable to ascertain the whereabouts of the defendant, the deputy marshal tacked the citation on the door pursuant to the provisions of LSA-C.C.P. Art. 4703.
On September 13, 1990, counsel for the defendant enrolled, filing an answer and several exceptions, including a declinatory exception of insufficiency of service of process. On September 24, 1990, the city court overruled all of the exceptions but the exception of insufficiency of service of process which was taken under advisement. Immediately thereafter, evidence was adduced.[1] The manager and assistant manager of the apartment complex testified as to the damages and the defendant's failure to pay the resulting charges. Mr. Barrish testified as to his service of the citation.
The defendant denied leaving the old apartment unclean or being responsible for any damages or repairs. She testified that she was not at home when the deputy marshal came to the apartment, but she admitted receiving the petition for eviction which was tacked to her apartment door. The defendant's sister also testified, stating that she helped the defendant move from the old apartment and that they took out the trash and cleaned the refrigerator. However, she admitted that they had not cleaned the stove.
On October 15, 1990, the city court filed its opinion. The court ruled that the plaintiff was entitled to a judgment of eviction, as prayed for. (Apparently the court also overruled the defendant's exception of insufficiency of service of process.) Citing Alaimo v. Hepinstall, 377 So.2d 889 (La. App. 4th Cir.1979), the court held that "service by tacking the process on the door without further exhaustive inquiry is proper."
On October 25, 1990, the court signed a judgment ordering the defendant to vacate the apartment on November 2, 1990. That same day the defendant sought and received a stay of eviction pending appeal.

DISCUSSION
The sole issue presented for review is whether the trial court erred in granting the eviction and in overruling the defendant's exception of insufficiency of service of process, because the method of service used, "tacking," allegedly did not comply with the prerequisites of LSA-C.C.P. Art. 4703. Article 4703, which is found in Title XI, "Eviction of Tenants and Occupants," provides:
If the premises are abandoned or closed, or if the whereabouts of the lessee or occupant is unknown, all notices, process, pleadings, and orders required to be delivered or served on the lessee or occupant under this Title may be attached to a door of the premises, and this shall have the same effect as delivery to, or personal service on, the lessee or occupant. [Emphasis ours.]
This method of service is commonly known as "tacking."
The defendant argues that in the context of Article 4703 the term "unknown" is insufficiently defined and that there was insufficient proof in the present case that her whereabouts were "unknown." She contends that greater effort should have been *85 made to ascertain her whereabouts. She also asserts that service by certified mail is preferable.[2]
Very few cases have interpreted Art. 4703. In Ernest Joubert Company v. Tatum, 332 So.2d 553 (La.App. 4th Cir.1976), the court found the special procedure of tacking to be constitutional. The court also stated that the existence of conditions entitling the lessor to use tacking was a factual question to be resolved by the trial court. Cf. Friedman v. Hofchar, Inc., 424 So.2d 496 (La.App. 5th Cir.1982), writ denied 430 So.2d 74 (La.1983), and McLellan v. Pearson, 546 So.2d 817 (La.App. 5th Cir.1989).
However, in Alaimo v. Hepinstall, supra, the Fourth Circuit (which had previously rendered the Joubert case) was confronted with a factual situation similar to the present case. The defendant, against whom a default judgment of eviction had been rendered, argued in brief that her whereabouts were not unknown because she seldom left her apartment and would have known if anyone had attempted to serve her. The record did not contain a transcript of the testimony. Thus, the court held that it was entitled to assume that the lessor had satisfied the trial court as to the propriety of service and affirmed the judgment. However, the court also stated:
If we depart from the record and accept the statement made by defendant in her brief that she got the 5-day notice to vacate we must assume that she was either out at the time the notice was tacked or was inside the premises and refused to make her presence known to plaintiff. In either case Art. 4703 seems to be properly available to the landlord. This article authorizes tacking "if the whereabouts of the lessee or occupant is unknown." It does not impose the same stringent condition of Art. 5251(1) which defines an absentee as one "who cannot be found and served after a diligent effort."
In a footnote, the court further observed that the defendant's admission that she had received the tacked documentswhile nonetheless complaining that it was tacked on the premises rather than being personally served on herweakened her position inasmuch as she had ample notice to file pleadings and prevent a default.
Although these statements in Alaimo were dicta, we agree with their general principles. Art. 4703 does not mandate that the person trying to effect service must conduct an exhaustive search or make multiple attempts to locate the lessee at home. This is especially true where the service by tacking was effective, as in the instant case. The defendant admitted that she received the documents tacked to her door upon her return home. Her counsel filed an answer, as well as several exceptions which were duly considered by the trial court. Consequently, we cannot say that service by certified or registered mail, as suggested by defendant in her brief, would have been preferableor more successfulin the present case. Furthermore, Art. 4703 does not provide for service by mail.
Tacking is a special procedure which may be utilized only under the special circumstances enumerated in Art. 4703. It recognizes that the summary proceedings of eviction are in rem by nature, as their sole concern is the lessee's right of possession of the landlord's leased property, i.e., the apartment. No personal judgment was sought, or could be obtained, against the defendant in this proceeding.
Based upon the foregoing, we find that the plaintiff adequately demonstrated that tacking was proper under the facts of this case. This assignment of error is without merit.

*86 CONCLUSION
The judgment of the city court is affirmed. Costs are assessed against the defendant.
AFFIRMED.
NOTES
[1] Although the testimony was not recorded, the parties subsequently entered into a stipulation of facts as provided for in LSA-C.C.P. Art. 2131.
[2] The defendant specifically states in her brief several times that she is not attacking the constitutionality of Art. 4703. Consequently, we find it unnecessary to review Art. 4703 in light of Greene v. Lindsey, 456 U.S. 444, 102 S.Ct. 1874, 72 L.Ed.2d 249 (1982).