799 So.2d 665 (2001)
Richard L. GIBBS, Plaintiff-Appellee,
v.
Patricia HARRIS, Defendant-Appellant.
No. 35,239-CA.
Court of Appeal of Louisiana, Second Circuit.
October 31, 2001.
*667 Northwest Louisiana Legal, Services, Inc., by Henry Allyn Sale, Donaldsonville, Counsel for Appellant.
Bobby L. Culpepper & Associates by Bobby L. Culpepper, Counsel for Appellee.
Before STEWART, PEATROSS & KOSTELKA, JJ.
PEATROSS, J.
This appeal arises from the trial court's judgment in favor of Richard L. Gibbs ("landlord"), against Patricia Harris ("tenant"), whereby the trial court found that the tenant owed the landlord compensation for past due rent, damages and storage fees. The trial court also found in favor of the landlord in response to the tenant's reconventional demands, wherein she alleged that the landlord wrongfully evicted her and converted her property. It is from this judgment that the tenant appeals. For the reasons stated herein, we amend, and as amended affirm in part, and we reverse in part and render.

FACTS AND PROCEDURAL HISTORY
On January 8, 2001, the landlord had not received the tenant's rental payment for the month of January, and his agent delivered a notice to vacate on that day. The tenant testified, however, that the agent, on January 9 or 10, agreed to accept a late rental payment for the month of January, which the tenant said she would pay as soon as possible. On January 18, 2001, however, the landlord had not received the rent and he filed a Clerk's suit for nonpayment of rent, damages to the rental property and storage fees that he incurred while storing the tenant's personal property in a public storage facility. On January 19, 2001, when the landlord inspected the rental property, he thought that the rental property had been abandoned because the electricity had been disconnected; he then allowed a rental company to remove a television from the rental property. On January 20, 2001, the landlord changed the locks to the rental property, removed the tenant's personal property and placed it in a public storage facility.[1] Sometime on *668 that same day, the landlord's agent accepted the tenant's late payment for the January rent. In response to the landlord's lawsuit, the tenant filed a reconventional demand, alleging wrongful eviction and conversion.
The trial court awarded the landlord $590 for the past due rent, cleaning costs and late fees, but it gave the tenant credit for her $200 deposit and $420 rental payment. The trial court also held that the tenant could retrieve her personal property from the public storage facility upon the payment of the storage costs of $149 and ordered that the tenant be credited for her payment of $420 for January and for her deposit of $200.

DISCUSSION
The first issue is whether the tenant was wrongfully evicted. For an eviction to be lawful, the lessor must deliver a notice to vacate. La. C.C.P. art. 4701. The record shows that the landlord delivered a notice to vacate by attaching it to the door of the rental property on January 8, 2001. The tenant, however, did not vacate. If the lessee fails to vacate, the lessor may cause the lessee to be summarily cited by a court of competent jurisdiction to show cause why he should not be ordered to deliver possession to the lessor. See La. C.C.P. art. 4731(A). In the case sub judice, the record shows that the landlord filed a Clerk's suit on January 18, 2001. The Louisiana Code of Civil Procedure further states that the lessor may take possession of the property after a judgment of eviction has been entered. La. C.C.P. art. 4733. The landlord in the case sub judice did not wait for the court to enter a judgment of eviction. Instead, on January 20, 2001, he took possession of the rental property by changing the locks and removing from the rental property the personal property of the tenant.
There is, however, a jurisprudential exception to the foregoing requirements contained in the Louisiana Code of Civil Procedure, i.e., when the lessee unjustifiably abandons the property, the lessor may exercise self-help in taking possession of the premises. See Walters v. Greer, 31,480 (La.App.2d Cir.1/20/99), 726 So.2d 1094; Sunbelt Sec. Services, Inc. v. Delahoussaye, 572 So.2d 598 (La.App. 4th Cir.1990). "Abandonment requires voluntary relinquishment of the premises by the lessee with the intent to terminate without vesting ownership in another." Walters, supra. The Louisiana Code of Civil Procedure is also instructive in determining whether or not the tenant abandoned the property.
After the required notice has been given, the lessor or owner, or agent thereof, may lawfully take possession of the premises without further judicial process, upon a reasonable belief that the lessee or occupant has abandoned the premises. Indicia of abandonment include a cessation of business activity or residential occupancy, returning keys to the premises, and removal of equipment, furnishings, or other movables from the premises.
La. C.C.P. art. 4731(B).
In the case sub judice, the trial court found that the tenant had abandoned the property because the electricity was disconnected.[2] The trial court further stated that the landlord had a right to protect the rental property. Although not *669 exclusive, none of the factors that are listed in La. C.C.P. art. 4731 are present in this case.[3] The tenant had not ceased her residential occupancy of the rental property, she had not turned in the keys, she had not removed any of her personal property and there was no showing that she voluntarily relinquished the premises with the intent to terminate by vesting ownership in another. In fact, the tenant made an agreement with the landlord's agent to pay the rent late, which indicates an intention to remain.
The factual findings of a trial court will not be disturbed absent manifest error. Powell v. Regional Transit Authority, 96-0715 (La.6/18/97), 695 So.2d 1326; Rosell v. ESCO, 549 So.2d 840 (La. 1989). To reverse the trial court's factual findings, the appellate court must find from the record that no reasonable factual basis exists for the findings and must determine that the record establishes the findings as clearly wrong or manifestly erroneous. Stobart v. State through Department of Transportation and Development, 617 So.2d 880 (La.1993). Based on the facts presented in this case, we conclude that the property was not abandoned and that the trial court was manifestly erroneous in so finding.
Since we find that the property was not abandoned, we, therefore, conclude that the landlord was not justified in exercising self-help in evicting the tenant. A tenant who is wrongfully evicted is entitled to damages. See La. C.C. art. 2696. Under Louisiana jurisprudence, the plaintiffs bear the burden of proof as to all elements of damages in their lawsuits, and a "lack of even a minimal degree of detail or specificity as to the extent of loss precludes an award." Jackson v. Lare, Jr., et al., 34,124 (La.App.2d Cir.11/1/00), 779 So.2d 808. Our review of the record reveals that the tenant in this case did not prove with specificity any damages in relation to the wrongful eviction. The tenant testified that she was "put out," but there is no testimony showing what damage was caused as a result thereof. Speculation and conjecture cannot be accepted as a basis for fixing damages. Id. Since the tenant did not prove any damages as a result of the wrongful eviction, we conclude that she is not entitled to any damages for that cause of action.
The tenant is, however, entitled to the excess paid to the landlord. The evidence in this case shows that the tenant paid $620 to the landlord ($420 for the rental payment and late fee, and $200 for the deposit).[4] The trial court assessed the tenant for the entire monthly rental payment of $420, but we conclude that the tenant should only have been assessed an amount of $280, representing two-thirds of the monthly payment, because the landlord changed the locks on January 20. The trial court also awarded the landlord $150 in damages and cleaning costs. The excess that the tenant paid, therefore, is $190.
We must next determine whether or not the landlord's removal and storage of the tenant's personal property constituted a conversion. While there is no cause of action for conversion in the Louisiana Civil Code, the "[c]auses of action for *670 conversion have been inferred from the Codal articles providing that the right of ownership, possession, and enjoyment of movables are protected by actions for the recovery of the movables themselves, actions for restitution of their value, and actions for damages. La. C.C. arts. 511, 515, 521, 524, 526, and 2315." Dual Drilling Company v. Mills Equipment Investments, Inc., 98-0343 (La.12/1/98), 721 So.2d 853. The three causes of action for conversion in Louisiana are: 1) the revendicatory action for the recovery of the movable, 2) the action for unjust enrichment, and 3) the delictual action arising from an offense or quasi offense. Id. Since there was no showing that the landlord was unjustly enriched, we need only discuss the delictual and the revendicatory actions.
The delictual action arises from an offense or quasi offense and arises when any one of the following occurs: 1) possession is acquired in an unauthorized manner; 2) the chattel is removed from one place to another with the intent to exercise control over it; 3) possession of the chattel is transferred without authority; 4) possession is withheld from the owner or possessor; 5) the chattel is altered or destroyed; 6) the chattel is used improperly; or 7) ownership is asserted over the chattel. Dual Drilling Company, supra.
We find that four of the previous factors were satisfied and, thus, that the landlord was guilty of conversion. The record in this case shows that the landlord removed the tenant's personal property without authorization and with the intent to exercise control over it; in fact, he exercised control and possession over it and withheld it from the tenant by placing it in a public storage facility. We next discuss the revendicatory action, which is also applicable in this case.
"The owner of a thing is entitled to recover it from anyone who possesses or detains it without right and to obtain judgment recognizing his ownership and ordering delivery of the thing to him." La. C.C. art. 526. As stated previously, there is no dispute that the personal property in question is owned by the tenant. The trial court stated that the landlord could dispose of the tenant's personal property within 30 days of its final judgment if the tenant did not pay the storage costs to him, and this court is without knowledge of the current location and possession of said personal property. If the landlord is currently in possession of the tenant's personal property, then he must forthwith deliver the property to the tenant. If, however, he is not currently in possession of the tenant's personal property, then the proper remedy arises under the delictual action in tort.
The remedy for the delictual action in tort would usually require the landlord to pay the fair market value of the personal property at the time it was converted. See Dual Drilling Company, supra, citing Quealy v. Paine, Webber, Jackson & Curtis, Inc., 475 So.2d 756 (La. 1985); Importsales, Inc. v. Lindeman, 231 La. 663, 92 So.2d 574 (La.1957). The tenant, however, failed to prove the fair market value of the personal property at the time that it was converted;[5] and, therefore, we conclude that she is not entitled to any damages for conversion.[6]
*671 Next, the tenant argues that she should not have been ordered to pay the landlord's storage fees and we agree. As discussed previously, the landlord removed the tenant's personal property unlawfully; therefore, he was not authorized to charge the tenant for the storage fees. The portion of the judgment casting the tenant with the storage fees is, therefore, reversed.
The tenant, in her last argument, claims that the trial court erred in finding that she owed past-due rent because she had already paid the rent before the trial commenced. We find that this argument lacks merit because the trial judge gave her credit for the past-due rental payment.

DECREE
For the reasons set forth above, we amend the trial court's award of rent and damages to Richard L. Gibbs in the amount of $590 and find that he only proved rent and damages in the amount of $430, all of which is subject to a credit of $620 previously paid by Patricia Harris. We order the said Richard L. Gibbs to return to Patricia Harris the sum of $190, representing the difference between the $620 previously paid and the $430 awarded herein to the said Richard L. Gibbs. We next reverse the trial court's finding and conclude that Mr. Gibbs wrongfully evicted Ms. Harris and converted her property, but award no damages because of her failure to prove same. We also reverse the trial court's finding that Ms. Harris was responsible for the storage fees and order Mr. Gibbs to refund to Ms. Harris any amount that she may have paid to him for storage fees. If Mr. Gibbs remains in possession of Ms. Harris's personal property, he must forthwith deliver it to her. Costs are assessed to Richard L. Gibbs.
AMENDED IN PART AND, AS AMENDED, AFFIRMED IN PART; REVERSED IN PART AND RENDERED.
NOTES
[1] There is no dispute that the personal property removed by the landlord was owned by the tenant.
[2] We note, however, that the trial court stated, "I wouldn't say it was abandoned," but subsequently concluded that "the property was abandoned."
[3] The electricity being disconnected could be a factor to consider in determining whether a rental property is abandoned. In this case, there was no evidence showing the date the electricity was disconnected or the reason for the disconnection.
[4] The $590 damage amount sued for by the landlord and awarded by the trial court was itemized as "original cost" on exhibit P 1, $440 of which amount represented rent for January and late fees and $150 represented cleaning and damage amounts.
[5] She testified that she purchased new clothes, but the replacement cost of the converted property is not the proper measure of damages in a conversion action.
[6] We note that the tenant will be without a remedy in regard to the conversion of her personal property if the landlord has disposed of it. Our jurisprudence, however, requires that one prove the fair market value of the property at the time that it was converted, and the tenant failed to do so.