847 So.2d 165 (2003)
Jason HUGHES, Plaintiff-Appellee,
v.
William R. SANDERS and All Occupants, Defendant-Appellant.
No. 36,968-CA.
Court of Appeal of Louisiana, Second Circuit.
May 14, 2003.
*166 F. Scott Straub, for Appellant.
Walter F. Johnson, III, Shreveport, for Appellee.
Jason Hughes, In Proper Person.
Before WILLIAMS, CARAWAY and DREW, JJ.
WILLIAMS, Judge.
The defendants, William Sanders and all occupants, appeal a judgment of eviction in favor of the plaintiff, Jason Hughes. The city court ordered defendants to vacate the subject premises. For the following reasons, we affirm.

FACTS
In January 2002, the parties signed a "lease/purchase" agreement, which provided that the lessees, William Sanders and Deborah Sanders, would make monthly rental payments of $495 to the lessor, Jason Hughes, for a mobile home located at # 97, 6900 Buncombe Road in Shreveport, Louisiana. Hughes acknowledged receipt of a "down payment" of $2,000 and agreed to surrender title to the mobile home to the lessees at the end of the five-year lease term, if their obligation had been fulfilled. The lease provided that the rental payments were due by the tenth day of each month, that lessees would be considered in default after missing one payment, and that their failure to comply with the lease conditions would allow the lessor to either declare all remaining payments immediately due and payable or declare the lease terminated.
On August 13, 2002, the plaintiff, Jason Hughes, filed a petition for eviction from the premises against the defendants, William Sanders and all occupants. Attached to the petition was a photocopy of a document entitled "Five Day Notice to Tenant/Occupants to Vacate" addressed to the defendants and dated August 5, 2002, stating that the "right of occupancy was terminated" because of defendants' failure to pay the rent when due.
According to the Shreveport City Court minute sheet, the court clerk issued an "eviction for non-payment" citation to defendants with notice to appear at a hearing on August 20, 2002. The minute entry of August 16, 2002, states that Sanders was "personally" served with the citation by a deputy city marshal. The marshal's return of service has been included in the record and shows that the citation was served by attachment to a door of the premises.
The court minutes indicate that on the date of the eviction hearing, the plaintiff was present, but the defendants did not appear. The proceedings were not recorded and so the record does not contain a transcript of the hearing. The city court rendered a judgment of eviction ordering defendants to vacate the premises at 6900 Buncombe Road. The defendants appeal *167 the judgment. The plaintiff's motion to dismiss the appeal was denied by this court. Hughes v. Sanders, 36,968 (La. App.2d Cir.12/23/02).

DISCUSSION
The defendants contend the city court erred in rendering a judgment of eviction despite the lack of proper service of process. The plaintiff argues that defendants waived their right to allege insufficient service of process by failing to file an exception in the lower court raising the objection.
Generally, an objection to the sufficiency of service of process is raised by the filing of an exception. LSA-C.C.P. art. 925. All objections which may be raised by declinatory exception are waived unless pleaded therein. LSA-C.C.P. art. 925(C). Where a judgment has been entered against a defendant, the question of sufficiency of service of process may not be raised for the first time on appeal. Rather, the issue should be raised in a suit to annul the judgment. Sharff v. Tanner, 486 So.2d 1047 (La.App. 2d Cir.1986); Decca Leasing Corp. v. Torres, 465 So.2d 910 (La.App. 2d Cir.1985).
The nullity of a final judgment may be demanded for vices of either form or substance. LSA-C.C.P. art.2001. A final judgment shall be annulled if rendered against a defendant who has not been served with process as required by law. LSA-C.C.P. art. 2002(A)(2). Except as otherwise provided, an action to annul a judgment on the grounds listed in this Article may be brought at any time. LSA-C.C.P. art. 2002(B).
In the present case, the defendants did not file a declinatory exception of insufficient service of process or a suit to annul the judgment. Instead, they have appealed the eviction judgment challenging the sufficiency of the service of process. Although this court is aware of cases in which the nullity of a judgment has been considered on direct appeal without a prior action to annul, this appears to be an exception limited to situations where there was a complete lack of any proof of service in the record. See Rando v. Rando, 31,366 (La.App.2d Cir.12/9/98), 722 So.2d 1165; White v. White, 398 So.2d 1257 (La.App. 4th Cir.1981). However, the present case does not involve such an omission, since the record includes a photocopy of a document entitled "EVICTION FOR NON-PAYMENT CITATION," which contains the marshal's return of service indicating that the citation was served upon the defendants by attachment of the notice "on [the] door."
Based upon this record, and without considering any grounds for nullity of the judgment or the merits of the arguments presented, we conclude that defendants should have raised the allegation of insufficient service of process in a suit to annul the judgment. Consequently, we are constrained from addressing the issue of improper service in this appeal and we affirm the judgment.

CONCLUSION
For the foregoing reasons, the city court's judgment of eviction is affirmed. Costs of this appeal are assessed to the appellants, William Sanders and all occupants.
AFFIRMED.
CARAWAY, J., dissents with written reasons.
CARAWAY, J., dissenting.
I respectfully dissent from the majority's ruling.
The petition for eviction and order setting the rule to show cause was filed August *168 13. The marshal's return of service was executed the next day. Defendant, who did not attend the August 20 hearing, now claims that he received no notice of these proceedings and that the judgment rendered against him on August 20 is a nullity.
The city court's printed form for the service return in this case gave the marshal two options for service of the rule for eviction. One form allowed the marshal to fill in the name of "a person of suitable age and discretion, residing at the dwelling" of the defendant to evidence that domiciliary service was made. The second form was for the service of "the Defendant in person," and on that form, the deputy marshal simply wrote "taped on door" in the blank provided for the defendant's name.
The sheriff's or marshal's return is prima facia evidence of service. La. C.C.P. art. 1292. The record reveals therefore, on its face, that neither personal nor domiciliary service was made. These are the two primary methods of initial service on an individual required for a summary proceeding or rule to show cause. La. C.C.P. arts. 1232, 1234 and 2594. The proceeding at hand is the rule to show cause for eviction specifically addressed in La. C.C.P. art. 4731. The special method for service of process under La. C.C.P. art. 4703 in eviction proceedings provides as follows:
If the premises are abandoned or closed, or if the whereabouts of the lessee or occupant is unknown, all notices, process, pleadings, and orders required to be delivered or served on the lessee or occupant under this Title may be attached to a door of the premises, and this shall have the same effect as delivery to, or personal service on, the lessee or occupant.
If that additional mode of service applies to the rule to show cause for eviction, then the marshal's return on the face of the record before us contains prima facia evidence of his attempt to effect such service.
Where the defendant makes no appearance at the proceeding in the trial court and the sufficiency of service of process is raised on appeal, the issue is whether the record facially shows no proof of service as required by law. La. C.C. art. 2002(A)(2). If the record standing alone shows that service was contrary to law or that no service occurred, the appeal court can declare the nullity of the judgment without the need for a separate action for nullity. Rando v. Rando, 31,366 (La. App.2d Cir.12/9/98), 722 So.2d 1165. If the record is insufficient to make a determination of the propriety of service, the defendant should bring a separate action for nullity whereby additional evidence concerning the service process can be presented. Decca Leasing Corp. v. Torres, 465 So.2d 910 (La.App. 2d Cir.1985), writ denied, 468 So.2d 1211 (La.1985).
In this case, the record presents undisputed evidence regarding the method for service of process utilized by the marshal. The majority should therefore address the merits of the service dispute instead of insisting that the defendant raise an exception of insufficiency of service of a rule for which he never received prior notice. Since I believe the condition necessary for perfecting service under Article 4703 was not present in this case, the marshal utilized a mode of service which is not authorized by law, resulting in the nullity of this proceeding.
The Code of Civil Procedure's provision for eviction contemplates two notices that the lessor must deliver to or serve upon the defendant in order to regain possessionthe five day notice to vacate and the summary rule and court order for the eviction hearing. Thus, when the defendant responds to the notice to vacate or, even *169 without notice, otherwise abandons the premises, the law and jurisprudence hold that the lessor may lawfully regain possession of the premises without further judicial process. La. C.C.P. art. 4731(B); Gibbs v. Harris, 35,239 (La.App.2d Cir.10/31/01), 799 So.2d 665. The notice to vacate, which may be waived in the lease, does not require the defendant to appear in court. Article 4703's "tacking" method of service is, therefore, sufficient for this extrajudicial process. It contemplates that the lease premises are abandoned or closed or the whereabouts of the defendant is unknown. The jurisprudence has noted that this does not mean that defendant must be an absentee or one "who cannot be found and served after a diligent effort." La. C.C.P. art. 5251(1); Fairfield Property Management Stone Vista Apartments v. Evans, 589 So.2d 83 (La.App. 2d Cir.1991). Particularly for the delivery of the notice to vacate, if the lease premises are abandoned or closed or the defendant cannot be found, the notice to vacate may be attached to the door.
When the defendant does not abandon the premises, the lessor must utilize judicial process with the special rule for eviction provided by Article 4731. This is a summary process and the provision for service of process under Article 2594 applies. Likewise, the accepted mode of personal or domiciliary service is applicable. La. C.C.P. art. 2596. The city court eviction form utilized by the deputy marshal in this case indicates that those two forms of service are preferred.
My reading of Article 4703 is that the "tacking" procedure is an exception to "personal service" which the article specifically mentions. The condition which must be met for the utilization of this exception is that "the whereabouts of the lessee ... is unknown." The other condition precedent for the use of the Article's "tacking," the abandonment of the lease premises, is never present when the rule for eviction becomes necessary. The rule for eviction rests upon the fact that the premises are not abandoned. Likewise, if the premises are not abandoned, the whereabouts of the lessee are not as likely to be unknown. Therefore, personal and domiciliary service, two modes of service that clearly pass the requirements of due process, are still the preferred modes of service.
The jurisprudence, nevertheless, holds that tacking under Article 4703 can be utilized in order to hail the lessee into court for the eviction ruling. Fairfield, supra; Alaimo v. Hepinstall, 377 So.2d 889 (La.App. 4th Cir.1979). See also, Ernest Joubert Co. v. Tatum, 332 So.2d 553 (La.App. 4th Cir.1976), which found the special tacking procedure constitutional. This dissent is not a failed attempt at overruling this court's decision in Fairfield Property Management. In that case, the defendant appeared at the hearing and evidence of defendant's unknown whereabouts was produced so as to justify the "tacking." While I agree that Article 4703 "tacking" can be used for service of the rule to show cause, I would hold that some repeated attempts at personal or domiciliary service must be shown to have occurred. Such efforts are clearly lacking on the face of this record.
The service return in this case was attempted to be expressed in the printed language of the personal service form. As such, it does not constitute a complete and coherent sentence describing the method of service. Yet, it reveals that personal service was not made and implies that "tacking" occurred instead. The key fact for me, which could not have been adequately excused by any evidence shown at the trial of this case, is that the "tacking" service occurred within twenty-four hours after filing the rule. It can hardly be said *170 that the whereabouts of the lessee who has not abandoned the lease is unknown after only one day's attempted service. Even assuming in this case that the deputy marshal attempted personal service several times on August 14, the decision to use "tacking" at 4:00 p.m., as indicated on the return, cannot be based upon sufficient knowledge of the lessee's unknown whereabouts, when the premises still appear to be occupied.
In conclusion, I believe that all of the evidence of the service procedure is before the court and it should be used to decide whether Article 4703 service was proper. From my review of the law of eviction, utilization of "tacking" service under the facts of this case was improper and the judgment of eviction should be annulled.