898 So.2d 446 (2004)
Michelle A. MANSUR
v.
Eric B. COX.
No. 2004 CA 0140.
Court of Appeal of Louisiana, First Circuit.
December 30, 2004.
*447 Brandon Brown, Baton Rouge, Counsel for Defendant/Appellant Eric B. Cox.
Rufus Holt Craig, Jr., David Marquette, Baton Rouge, Counsel for Plaintiff/Appellee Michelle Mansur.
Before: GUIDRY, GAIDRY, and McCLENDON, JJ.
GUIDRY, J.
A landlord seeks review of a trial court's judgment denying his reconventional demand for unpaid rent and property damage in a suit brought by his former tenant. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY
On December 29, 1999, Michelle Mansur and John Davis signed an agreement to lease the premises located at 235 Cloud Drive in Baton Rouge, Louisiana from its owner, Bart Cox. The agreement provided for a term commencing on December 29, 1999 and ending on the last calendar day of January 2001. The agreement also provided that "[i]n the event of default hereunder, Landlord may elect any remedy allowed under Louisiana law, including but not limited to declaring the rent for the whole unexpired term of the lease together with the attorney's fees immediately due and payable, or to proceed one or more times for past due installments without prejudicing his right to proceed later for the remaining term of the lease, or to cancel the lease and obtain possession of the premises."
Prior to the expiration of the lease, the lessees decided to vacate the premises. Mr. Cox confronted Ms. Mansur as she was in the process of removing the last of her belongings from the premises and loading them into a pickup truck loaned to *448 her for that purpose. An argument ensued between Mr. Cox and Ms. Mansur, which led to Mr. Cox firing a weapon at the truck Ms. Mansur was using to transport her belongings. Ms. Mansur called the police, who, upon responding to the call, arrested and charged Mr. Cox with discharging a firearm in the city limits. Mr. Cox plead no contest to the charges.
Thereafter, Ms. Mansur filed suit against Mr. Cox in which she sought damages for personal injuries, conversion, and return of her security deposit. Mr. Cox initially answered the petition denying all liability for the claims asserted by Ms. Mansur. He later secured new counsel and filed an amended answer wherein he added a reconventional demand for unpaid rent for the remaining term of the lease, property damage, and depreciation of the value of the leased premises (due to alleged criminal activities conducted on said premises by the lessees during their brief occupancy), attorney fees and costs. Following a hearing on the respective demands, the trial court rendered judgment in favor of Ms. Mansur awarding her $5,000 in general damages for the intentional infliction of emotional distress, $3,108 for the conversion and/or destruction of her personal property, $250 in special damages, plus costs and attorney fees. The trial court dismissed Mr. Cox's reconventional demand with prejudice.
Mr. Cox appeals, asserting that the trial court erred in failing to grant him any relief on his reconventional demand.

DISCUSSION
By this appeal, Mr. Cox alleges that because Ms. Mansur abandoned the leased premises prior to their altercation on March 30, 2000, he is entitled to the damages stipulated in the lease agreement. Implicit in the trial court's denial of Mr. Cox's reconventional demand and in its statement "[h]e told Ms. Mansur to get out, that she had no business on the property, and to leave the property," is the finding that Ms. Mansur did not abandon the leased property, but was wrongfully evicted from the property by Mr. Cox.
A determination of whether a tenant has abandoned the leased property is a factual finding subject to review for manifest error on appeal. See Gibbs v. Harris, 35,239, p. 4 (La.App. 2nd Cir.10/31/01), 799 So.2d 665, 669. Abandonment requires voluntary relinquishment of the premises by the lessee with the intent to terminate without vesting ownership in another. Walters v. Greer, 31,480, p. 8 (La.App. 2nd Cir.1/22/99), 726 So.2d 1094, 1098. The abandonment of property by a tenant to such an extent as to vest title and control in the landlord involves both an act of abandonment and a specific intent to abandon. Powell v. Cox, 92 So.2d 739, 742 (La.App. 2nd Cir.1957).
At trial, Ms. Mansur admitted that she intended to abandon the leased premises, and that at the time of the altercation between her and Mr. Cox, she was removing the last of her belongings from the leased premises to complete abandonment of the property. Article 2692 of the Louisiana Civil Code states that one of the obligations of a lessor that arises from the lease agreement is to cause the lessee to be in peaceable possession of the thing during the continuance of the lease and that such obligation arises from the very nature of the contract, whether or not the agreement contains any clause to that effect. The trial court evidently found that the intervening actions of Mr. Cox preceded Ms. Mansur's completion of the act of *449 abandonment and therefore, his actions constituted wrongful eviction or disturbance of Ms. Mansur's peaceable possession. We cannot say that the trial court was manifestly erroneous in so finding.
Nevertheless, Mr. Cox argues that the trial court still erred in failing to award him damages as stipulated in the lease agreement based on several other acts by Ms. Mansur, which would constitute breach or default under the terms of the lease agreement. Mr. Cox specifically referred to Ms. Mansur's admission that persons other than herself and Mr. Davis resided at the leased premises during her three months of occupancy, his observation of a dog at the leased premises several days prior to his altercation with Ms. Mansur, and numerous complaints from neighbors that Ms. Mansur engaged in unlawful and disorderly behavior that disturbed the peace and quiet of the neighborhood, all in direct violation of lease agreement. However, where both the lessor and lessee are at fault in causing termination of the lease agreement, in that each are in default, neither are entitled to damages under the lease agreement. Pylate v. Inabnet, 458 So.2d 1378, 1387 (La.App. 2nd Cir.1984). In this case, based on the trial court's finding that Mr. Cox wrongfully evicted Ms. Mansur from the leased premises, even if we were to find that Ms. Mansur also committed acts in violation of the lease agreement, that finding cannot serve as a basis for awarding Mr. Cox stipulated damages pursuant to the lease agreement. See Pylate, 458 So.2d at 1387-1388. Thus, we find no merit in Mr. Cox's argument that he is entitled to recovery on his reconventional demand on this basis.
Finally, although we find that Mr. Cox would be entitled to recover compensatory damages pursuant to his reconventional demand for any actual damages to the leased property caused by Ms. Mansur, see Pylate, 458 So.2d at 1388, there is no proof in the record of these damages or the costs associated therewith, other than Mr. Cox's testimony that he spent roughly $3,000 to repair damage to the home and to prepare it to rent again. Unfortunately, Mr. Cox's testimony alone, without any supporting documentation such as receipts, pictures, or the testimony of other witnesses, is insufficient proof that such damages were incurred. Thus, we likewise reject this argument by Mr. Cox for recovery of damages on his reconventional demand.

CONCLUSION
For the foregoing reasons, we affirm the judgment of the trial court rejecting Mr. Cox's request for damages in reconvention.[1] All costs of this appeal are assessed to the appellant, Bart Cox.
AFFIRMED.
NOTES
[1] In her brief on appeal, Ms. Mansur requests that this Court award her damages for the filing of a frivolous appeal; however, because Ms. Mansur failed to request such relief by way of filing an answer to Mr. Cox's appeal, we are precluded from granting the relief requested. See Lane Memorial Hospital v. Gay, 03-0701, p. 7 (La.App. 1st Cir.2/23/04), 873 So.2d 682, 687.