CARTER, C.J.
| .¿This is an appeal of a judgment rendered by the Office of Workers’ Compensation (OWC) that denied benefits to the claimant, Gary P. Lessard.
FACTS AND PROCEDURAL HISTORY
Mr. Lessard began receiving workers compensation benefits from his employer, Industrial Babbitt Bearings (IBB), after allegedly injuring his back in the course and scope of his employment. Sometime later, IBB filed a disputed claim for compensation seeking a forfeiture of benefits based on its contention that Mr. Lessard violated LSA-R.S. 23:1208 et seq., by willfully making false statements. A hearing was held on January 24, 2003, after which, the workers’ compensation judge (WCJ) signed a judgment (the February 20, 2003 judgment) decreeing that Mr. Lessard did not violate LSA-R.S. 23:1208 and further dismissing IBB’s claims with prejudice. IBB appealed and this court summarily affirmed the WCJ’s judgment. Industrial Babbitt Bearings v. Lessard, 03-0904 (La.App. 1 Cir. 4/2/04), 879 So.2d 172, 173.
After this court’s ruling, Mr. Lessard filed into the same suit record a rule to show cause why benefits should not be paid. IBB opposed the rule arguing that Mr. Lessard raised the issues of compens-ability and disability prior to the January 24, 2003 hearing, and the February 20, 2003 judgment’s silence as to those issues must be construed as a rejection of Mr. Lessard’s claim. After a hearing, the *698 WCJ[1] issued the judgment that is the subject of the instant appeal (the June 28, 2004 judgment), which decreed that the 13exclusive issue tried on January 22, 2003,[2] was that of LSA-R.S. 23:1208/1208.1 fraud and that Mr. Lessard’s request for benefits was denied because that issue was not before the court during the January 22, 2003 hearing. IBB suspensively appealed.
DISCUSSION
The February 20, 2003 judgment contains the following introductory language:
The issues presented to this Court at trial for consideration were: 1) whether or not the defendant/employee, Gary P. Lessard, violated LSA-R.S. 23:1208 and/or LSA-R.S. 23:1208.1; 2) whether or not the defendant/'employee, Gary P. Lessard, sustained an on-the-job injury on January 18, 2001 and to [sic] the nature and extent of those injuries. [Emphasis added.]
However, that judgment contains no ruling on the issue of whether Mr. Lessard sustained a compensable injury. IBB contends that the judgment’s silence regarding that issue constitutes a denial of his claim and precludes him from raising the issue in subsequent proceedings.
Generally, when a judgment is silent as to a claim or demand, it is presumed that the relief sought was denied. Barham & Arceneaux v. Kozak, 02-2325 (La.App. 1 Cir. 3/12/04), 874 So.2d 228, 241, writ denied, 04-0930 (La.6/4/04), 876 So.2d 87. However, in deciding workers’ compensation disputes, courts are not bound by technical rules of evidence or procedure, except as specifically provided. Further, courts are directed to decide the merits of the workers’ compensation controversy as equitably, summarily, and simply as may be. LSA-R.S. 23:1317 A. The supreme court has cautioned that in accordance with these principles, “in the field of |4[workers’] compensation, courts must exercise greater vigilance against the perpetuation of an erroneous decision and less concern for the other conflicting interests served by devices for precluding litigation.” Sewell v. Argonaut Southwest Ins. Co., 362 So.2d 758, 760 (La.1978).
Having reviewed the record in its entirety, we find that at the January 24, 2003 hearing, the parties clearly limited the issue before the WCJ to that of fraud. Thus, we find no error in the WCJ’s decision not to apply the general procedural rule that the February 20, 2003 judgment’s silence on that issue of whether Mr. Les-sard suffered a compensable injury was a denial of that claim.
We further disagree that the WCJ improperly modified the February 20, 2003 judgment in reaching that conclusion. We specifically note that the WCJ’s June 28, 2004 judgment improperly includes the WCJ’s reasons for judgment. For example, the June 28, 2004 judgment states, “IT IS ORDERED, ADJUDGED AND DECREED that the exclusive issue tried on January 22, 2002 was the issue of 1208 and 1208.1 fraud.” This is clearly part of the reasons for the WCJ’s judgment and was improperly included in the WCJ’s judgment See LSA-C.C.P. art. 1918. The inclusion of reasons for judgment does not, however, invalidate the otherwise valid judgment. Hinchman v. International Brotherhood of Electrical Workers, Local Union No. 130, 292 So.2d 717, 720 (La.1974).
*699 Finally, IBB contends the WCJ erred in failing to apply the concept of res judicata. However, IBB did not file a peremptory exception raising the objection of res judicata with the OWC and has not filed such an exception with this court. The objection of res judicata must be specially pleaded and cannot be supplied by the court. LSA-C.C.P. art. 927 B. Since IBB did not | ¡¡specially plead the issue of res judicata as required by LSA-C.C.P. art. 927 B, the issue was not before the WCJ and is not before this court at this time.
CONCLUSION
For the foregoing reasons, the judgment appealed from is affirmed.[3] Costs of this appeal are assessed to Industrial Babbitt Bearings and Bridgefield Casualty Insurance Company.
AFFIRMED.

. The original WCJ in this matter was the Honorable Glynn F. Voisin. The second hearing was held before a different WCJ, the Honorable Elizabeth Warren.

. The June 28, 2004 judgment mistakenly gives the date of the hearing as January 22, 2002.

. In his appellate brief, Mr. Lessard requests that this Court award damages in the form of costs and attorney’s fees for the filing of a frivolous appeal; however, because Mr. Les-sard failed to request such relief by way of filing an answer to IBB’s appeal, we are precluded from considering the issue. See Mansur v. Cox, 04-0140 (La.App. 1 Cir. 12/30/04), 898 So.2d 446, 449 n. 1.