CARAWAY, J.,
concurring in part and dissenting in part.
LThe plaintiffs’ action and the majority’s opinion recognize that there are two separate actions with two different forms of proceedings cumulated in this case. First, the eviction is a special summary proceeding. The plaintiffs set a hearing for the rule and served Cross with a form “Citation on Eviction Rule,” ordering her to show cause before the court on August 29 to prevent the eviction. Second, plaintiffs’ petition also alleged that Cross owed $9,090 in past due rent. While the petition did not pray for a money judgment but contained only a specific prayer for eviction, an action for a money judgment would be an ordinary proceeding. Despite this weakness in their petition, plaintiffs considered that this action was for ordinary relief and had the clerk issue a standard city court “Citation,” informing Cross that she had been sued and had ten days to “respond in writing” by answering the plaintiffs’ unprayed for money claim.
The majority’s opinion concedes that cu-mulating this summary proceeding with this ordinary proceeding is problematic. See, McLellan v. Pearson, 546 So.2d 817 (La.App. 5th Cir.1989). Nevertheless, if a tenant does not raise the objection of im *849 proper cumulation via a dilatory exception, and if she otherwise fails to timely answer, a judgment for eviction and a default judgment for unpaid rent might be entered following a hearing after the running of the default period. That did not happen in this case.
Cross was served with the “Citation” on August 19. Exactly ten days later, the hearing was held and the money judgment was rendered. With the appropriate calculation using La. C.C.P. art. 5059, the August 29 hearing lúdate was the last day for Cross to answer, or stated differently, at the time of the hearing, Cross’s delay for answering had not run. Overlooking that problem, the majority nevertheless chides Cross for not raising an affirmative defense by answering the plaintiffs’ money “claim.”
Due process requires service of citation which is essential in all civil, ordinary actions. La. C.C.P. art. 1201; In re Justice of Peace Landry, 01-0657 (La.6/29/01), 789 So.2d 1271. A default judgment entered in city court without the running of its special ten-day period for answering may be set aside as a nullity. Alphonso v. Cement Produce Service, Inc., 499 So.2d 305 (La.App. 1st Cir.1986), writ denied, 502 So.2d 112 (La.1987); Waters v. Keever, 442 So.2d 868 (La.App. 3d Cir.1983). Finally, there could be no waiver implicit in Cross’s attendance at the hearing on the rule for eviction. As observed by the court in Federal Nat’l Mortgage Ass’n. v. Williams, 427 So.2d 640, 641 (La.App. 5th Cir.1983), “[t]he appellant had no reason to object prior to the hearing, as he was served notice only of a rule to show cause and not of a trial on the merits. The 15-day delay for answering a petition had not elapsed on the day of the hearing.” Thus, in Federal National, Mortgage, the judgment on the merits for the plaintiffs’ claim for ordinary relief could not be rendered following a rule for summary relief for a preliminary injunction. All of these rulings allow the defendant the full time for answering before the request for ordinary relief may be granted. Carr did not receive that in this case, and the money judgment against her should be set aside.
^Accordingly, I concur in the majority’s ruling on eviction and respectfully dissent regarding the portion of the judgment for the delinquent rent.