GUIDRY, Judge.
This is a suit for unpaid legal fees. The trial court rendered judgment in solido against defendants, Joseph D. Malmay (Malmay) and his sister, Carolyn Leone (Leone), and in favor of F. Clay Tillman, Jr. for $7,380.00 and in favor of Tony C. Tillman for $600.00.[1] Carolyn Leone alone appeals.
FACTS
In the year 1986, Malmay was charged with several serious criminal offenses, including a charge of third offense operating a vehicle while intoxicated, a violation of La.R.S. 14:98 D. Malmay contacted F. Clay Tillman, Jr. (Tillman) seeking to retain his services for defense of the charge of third offense O.W.I. Arrangements for this representation were made at a meeting held in Tillman’s office during the month of September 1986. Present at the meeting were Malmay, his wife, Cristelle Malmay, Leone and Tillman. During the course of Tillman’s representation of Malmay on the charge of O.W.I., he was retained to represent Malmay on other criminal charges. Ultimately, Malmay was convicted and sentenced to prison.
At trial, Tillman testified that the parties agreed to a $4,000.00 retainer fee for the initial representation. Prior to November 1987, $1,900.00 was paid in partial satisfaction of this debt. Tillman stated that later he agreed to represent Malmay on the additional criminal charges only if arrangements were made to pay the remaining $2,100.00 on the initial debt, as well as an additional $5,000.00. Tillman stated that defendants indicated that they would make a loan to pay this debt. The loan was to be allegedly secured by their interest in the succession property of their mother, Mary Sepulvado Malmay. Tony C. Tillman handled the succession of Mary Sepulvado Mal-may and charged $600.00 for this work. The defendants do not dispute this latter claim.
Ultimately, the Tillmans instituted this suit, F. Clay Tillman seeking judgment for the $5,000.00 fee, the unpaid $2,100.00 on the initial fee and a sum of money allegedly advanced on Malmay’s behalf in payment of a fine. Tony C. Tillman sought judgment for $600.00. The trial court rendered judgment as prayed for by the plaintiffs. Leone appeals the judgment only insofar as it awards judgment in favor of F. Clay Tillman against her.
In his petition, F. Clay Tillman, Jr. alleges the basis for Leone’s indebtedness to him as follows:
“9.
That defendant, Carolyn M. Leone, personally guaranteed to F. Clay Tillman, Jr. that the fees and costs owed by Joseph D. Malmay would be paid.”
On appeal, as in the trial court, Leone denies any indebtedness to Tillman. In the alternative, she urges that she did not guarantee payment of the debt of Joseph D. Malmay and, in any event, she never signed any document agreeing to pay such debt, and the trial court’s admission of parol evidence to prove this indebtedness was improper.
The trial court rendered judgment for plaintiff concluding as follows:
“Testimony at trial indicates that Mr. Malmay was in serious trouble with the criminal justice system and that he and his sister went to see Mr. Tillman. In the opinion of the Court, both parties obligated themselves to pay a quoted fee. It is true that plaintiff used the word ‘guaranteed’ in his petition when referring to Mrs. Leone. The Court believes that this term, in the context used, is synonymous with the word ‘promised’ or ‘contracted’.”
For the following reasons, we disagree with the trial court’s determination and reverse.
The record contains no writing evidencing any indebtedness of Leone to Tillman. At the outset of the hearing, counsel for Leone objected to the introduction of any parol evidence to establish that Leone *830 was a primary obligor urging that such evidence would go beyond the allegations of the petition and was therefore inadmissible. Further, counsel for Leone made specific objection, to the introduction of such evidence. The trial court overruled the objection and allowed the evidence. In essence, Tillman, contrary to the allegations of article nine of his petition, testified that Leone personally obligated herself for payment of his fee for representation of Mal-may. The testimony of Leone and Cristelle Malmay was to the contrary. On the basis of Tillman’s testimony, the trial court determined that Leone was a primary obligor. We conclude that the trial court erred in considering the parol evidence offered by Tillman which was in contradiction of and beyond the pleadings filed by him.
Parol evidence is inadmissible to establish a promise to pay the debt of a third person. La.C.C. art. 1847. Likewise, parol evidence is inadmissible to establish surety-ship. La.C.C. art. 3038.
We discern no ambiguity in the allegations of article nine of Tillman’s petition. Tillman alleged that Leone personally guaranteed that the “fees and costs owed by Joseph D. Malmay” would be paid. These allegations clearly reflect that Joseph D. Malmay was the primary obligor of the indebtedness and that Leone allegedly undertook a collateral obligation in the nature of a suretyship. See Youngblood et al. v. Pendleton et al., 446 So.2d 946 (La.App. 3rd Cir.1984). We consider the allegations of article nine of Tillman’s petition to constitute a judicial confession which was subject to revocation only on the ground of error of fact. La.C.C. art. 1853. However, in any event, it is well settled that evidence beyond the pleadings is inadmissible if objected to and may be admitted and considered only after permission to amend the pleadings is requested and granted pursuant to La.C.C.P. art. 1154. Timely objection coupled with the failure to move for an amendment of the pleadings is fatal to an issue not raised by the pleadings. Wanda Petroleum Co. v. Mac Drilling Inc., 353 So.2d 474 (La.App. 3rd Cir. 1977), writ denied, 355 So.2d 258 (La. 1978). Tillman did not seek to revoke the judicial declaration made by him in article nine of his petition and never requested leave to amend his pleadings to allege the primary responsibility of Leone for payment of the indebtedness in question. Under such circumstances, the testimonial evidence offered by Tillman in contradiction of and beyond the allegations of his petition was inadmissible and should not have been considered by the trial court.
For these reasons, the judgment of the trial court is affirmed in part, reversed in part and recast to read as follows:
It is ordered, adjudged and decreed that there be judgment in favor of Carolyn M. Leone and against F. Clay Tillman, Jr. dismissing the latter’s demands with prejudice.
It is further ordered, adjudged and decreed that there be judgment in favor of plaintiff, F. Clay Tillman, Jr., and against the defendant, Joseph D. Malmay, in the full sum of $7,380.00, with legal interest from date of judicial demand until paid.
It is further ordered, adjudged and decreed that there be judgment in favor of plaintiff, Tony C. Tillman, and against defendants, Carolyn M. Leone and Joseph D. Malmay, in solido, in the full sum of $600.00 with legal interest from date of judicial demand until paid.
Defendants, Carolyn M. Leone and Joseph D. Malmay, in solido, are cast with all costs of the trial court.
F. Clay Tillman, Jr., appellee, is cast with all costs of this appeal.
AFFIRMED IN PART; REVERSED IN PART; AND, RENDERED.

. Willie Malmay, Margie M. Kearney, John Douglas Malmay and Huey Malmay, named as defendants in the original petition, were dismissed from this litigation prior to trial.