KOSTELKA, J.
Alaska Southern Partners, A Limited Partnership (“Alaska”), appeals the trial court dismissal of its Suit on Promissory Note with Recognition of Mortgage. We affirm.
Facts
On February 22, 1990, Earnest and Carolyn Baxley (“the Baxleys”) executed a promissory note in the amount of $675,272.81 payable to “Ourselves” and se *682 cured by a collateral mortgage. On June 29, 1992, Resolution Trust Corporation (“RTC”), as Receiver for Jonesboro Federal Savings and Loan Association (“Jones-boro”), the purported holder of the note, assigned the collateral mortgage note to Alaska.[1]
On December 16, 1996, the Baxleys entered into a Modification Agreement with Security National Partners Limited Partnership (“Security”) in which they acknowledged a $181,106.92 indebtedness to Security.
Alleging that the Baxleys were delinquent in paying $144,378.56 under the Modification Agreement, Alaska filed suit to enforce the collateral mortgage note on January 4,1999.[2]
At trial, Alaska sought to introduce the testimony of a Security employee in an attempt to explain Alaska’s relationship to Security, i.e., that Security was servicing the account for Alaska, the true obligee. The Baxleys objected to the introduction of the testimony urging that it was immaterial and an attempt to enlarge the pleadings beyond that which the | ¿plain wording of the agreement set forth. The trial court sustained the objection.
Via the Modification Agreement, which referred to “the Note as modified herein” and “original note,” Alaska sought to introduce P 7, a copy of a hand note executed between Jonesboro and the Baxleys on February 28, 1990, for which the collateral mortgage note was allegedly pledged. Again, the Baxleys objected to the introduction of the evidence urging that it was an attempt to enlarge the petition to establish another debt which was not part of the pleadings. The court also sustained this objection on the grounds that there was no reference to P 7 in the original petition.
After considering the remaining evidence, the trial court dismissed the suit with prejudice concluding that Alaska had failed to present admissible evidence showing an underlying obligation between it and the Baxleys sufficient to facilitate enforcement of the mortgage note. This appeal ensued.
DisoussioN
On appeal, Alaska urges error in the trial court’s rulings regarding enlargement of the pleadings. Alternatively, Alaska argues that the trial court erred in failing to determine that it could successfully sue on the collateral mortgage note only.
We initially reject the second portion of Alaska’s argument. Very recently, in Diamond Services Corp. v. Benoit, 2000-0469 (La.02/21/01), 780 So.2d 367, 377-78, the Louisiana Supreme Court reiterated the long-standing law regarding the legal effect of the collateral mortgage note as follows:
|oA collateral mortgage note standing alone is virtually meaningless, as it has no intrinsic value and evidences no debt or obligation actually owed by or to anyone. Only when viewed in the context of the entire collateral mortgage package, with all of the component parts present, does the collateral mortgage note take on meaning.... [T]he collateral mortgage note is a “fictitious debt that can be pledged as collateral security for a real debt.” Therefore, the collateral mortgage note differs from a typical promissory note in that, on its own, it *683 does not represent any indebtedness by the maker. (Citation omitted.)
The collateral mortgage note was not conceived as being a separate enforceable instrument like other promissory notes. Id. Standing alone, it has no actual value. Accordingly, and contrary to Alaska’ s assertions, without proof of an underlying debt, the collateral mortgage note is not an enforceable obligation.
The remaining inquiry is therefore crucial to Alaska’s position, i.e. whether the trial court erred in denying the introduction of evidence relating to the Baxleys’ alleged underlying obligation to Alaska. After reviewing the pleadings and evidence, we can discern no error in the trial court’s actions and ultimate dismissal of the suit.
It is within the discretion of the trial court to admit or disallow evidence subject to an objection based upon the scope of the issues and pleadings and to determine whether evidence is encompassed by the general issues raised in the pleadings. Muscarello v. Ayo, 93-2081 (La.App. 1st Cir.10/07/94), 644 So.2d 846; Coutee v. American Druggist Ins. Co. of Cincinnati, 453 So.2d 314 (La.App. 3d Cir.1984), writ denied, 458 So.2d 477 (La.1984).
Moreover, the law has long held that a timely objection to an attempt to enlarge the pleadings, coupled with the failure to move for an amendment of the pleadings, is fatal to an issue not raised by the pleadings. La. C.C.P. art. 1154; Havener v. Havener, 29,785 (La.App.2d Cir.08/20/97), 700 So.2d 533; Tillman v. Malmay, 577 So.2d 828 (La.App. 3d Cir.1991); Gar Real Estate and Ins. Agency v. Mitchell, 380 So.2d 108 (La.App. 1st Cir.1979); Marceaux v. Reese, 365 So.2d 504 (La.App. 3d Cir.1978). Accord, Hopkins v. American Cyanamid Co., 95-1088 (La.01/16/96), 666 So.2d 615; Cooper v. Borden, Inc., 30,292 (La.App.2d Cir.02/25/98), 709 So.2d 878; Sledge v. Continental Cas. Co., 25,770 (La.App.2d Cir.06/24/94), 639 So.2d 805. Said another way, the party who wishes to introduce evidence not within the issues raised by the pleadings must move that the pleadings be amended before the issue-raising evidence can be admitted over objection. Guidry v. Rubin, 425 So.2d 366 (La.App. 3d Cir.1982), and cases cited therein.
This jurisprudence clearly supports the trial court’s ruling regarding Alaska’s attempt to introduce testimony showing its relationship with Security. On its face, the Modification Agreement evidences an agreement between the Baxleys and Security only. Yet, in its pleadings, Alaska alleges its entitlement to judgment based upon that Modification Agreement. These factual inconsistencies were neither reconciled nor explained by the pleadings which nowhere allege any relationship between Alaska and Security sufficient to raise the issue of Alaska’s role in the agreement. Accordingly, Alaska came into court with allegations that it was the obligee under a Modification Agreement to which it was not a party. With these facts before it, we can discern no error in the trial court’s determination that the testimony was not encompassed by the scope of the pleadings. _J¿Moreover, because Alaska failed to seek amendment of the pleadings, the evidence was correctly excluded.
We reach the same conclusion regarding Alaska’s endeavor to introduce P-7 into evidence. As discussed above, Alaska’s petition alleged only that the Modification Agreement and collateral mortgage note entitled it to judgment against the Baxleys. At trial, Alaska attempted to introduce P-7 into evidence to establish that it was the note referred to and revised by the Modification Agreement and *684 represented the Baxleys’ actual indebtedness to Alaska. Nevertheless, the trial court correctly pointed out that the pleadings nowhere mention any underlying indebtedness other than the Modification Agreement. Accordingly, the pleadings can be read in no way other than as a prayer for judgment based upon that obligation. Nor is the Modification Agreement sufficient on its face to identify P-7 as the note referred to therein. The terms “note” and “original note” are obviously very generic phrases that indicate no particular note absent a specific identification or description. Indeed, without an independent mention of P-7 in Alaska’s pleadings, it is more feasible to conclude that the phrase alludes to the collateral mortgage note-the only note referred to in the pleadings. Notably, it was Alaska that referred to the collateral mortgage note as the “original note” in its pre-trial memorandum. In these circumstances, we agree with the trial court’s classification of Alaska’s labor to introduce the document into evidence as an improper attempt to enlarge the pleadings. Because the record reflects no request by Alaska to |r,amend the pleadings, we find the objection well-taken and correctly sustained.[3]
CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.

. The transfer was evidenced by an allonge to the mortgage note.

. Prior to trial, both Alaska and the Baxleys sought summary judgments based upon Alaska’s role or lack thereof in the Modification Agreement. The trial court denied both motions.

. Because the Baxleys have abandoned their Answer to Appeal, we pretermit discussion of the issues raised therein.