Judgment rendered November 15, 2023.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 55,276-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

EDWARD RALPH SPIGENER                    Plaintiff-Appellant

versus

DEBBIE GAYLE SPIGENER,                    Defendants-Appellees
CHRISTOPHER RYAN
SPIGENER, AND DEBRA LYNN
SPIGENER

* * * * *

Appealed from the
Second Judicial District Court for the
Parish of Claiborne, Louisiana
Trial Court No. 42688

Honorable Walter Edward May, Jr., Judge

* * * * *

COLVIN, SMITH, MCKAY AND BAYS          Counsel for Appellant
By: Daniel N. Bays, Jr.

LAW OFFICES OF CHRIS L. BOWMAN          Counsel for Appellees
By: Chris L. Bowman

* * * * *

Before STONE, MARCOTTE, and ELLENDER, JJ.

ELLENDER, J., concurs with written reasons.

**STONE, J.**

This case arises from the second Judicial District Court, the Honorable Walter May presiding. The plaintiff-appellant is Edward R. Spigener ("Edward"). The defendants-appellees are Debbie G. Spigener ("Debbie"), Christopher Spigener ("Christopher"), and Debra Spigener ("Debra").[1]

## FACTS AND PROCEDURAL HISTORY

Edward sues in the capacity of mortgagee/creditor on a "collateral mortgage note," payable to "order of bearer," made by the defendants on January 22, 2015. On June 3, 2022, Edward brought suit to foreclose using executory process; he filed a verified petition and attached the collateral mortgage note and a "collateral mortgage" as exhibits, but did not attach any handnotes or other evidence of the actual amount of outstanding debt. Nonetheless, Edward initially obtained a writ of seizure and sale. The sheriff's sale of the encumbered property was scheduled, but before it occurred, Debbie filed an exception of no cause of action and a motion for preliminary injunction, and the trial court signed a judgment purporting to grant a preliminary injunction against the sheriff's sale. Debbie also filed an exception of prescription in this court.

## DISCUSSION

**Decretal language**

Procedurally, the defense in an executory proceeding has only two available avenues: (1) suspensive appeal from the order directing the

---

[1] At oral argument, counsel indicated that Chris is the son of Edward and Debra, and is or formerly was married to Debbie. Counsel further stated that Chris and Debbie are or were recently in divorce proceedings. However, these matters are not in the record and form no part of the basis of this ruling.

issuance of the writ of seizure and sale; or (2) injunction against the seizure and sale. La. C.C.P. art. 2642. The defense may pursue either or both of these. *Id.*

The defense in this case sought a preliminary injunction (but did not file a suspensive appeal). Accordingly, the judgment on the preliminary injunction must have decretal language sufficient for that form of relief. "A[n] appealable judgment must contain the proper decretal language. The judgment must name the party against whom and the party in favor of whom the ruling is ordered, as well as the relief denied or granted." *Maqubool v. Sewerage & Water Bd. of New Orleans*, 2018-0572 (La. App. 4 Cir. 11/14/18), 259 So. 3d 630, 632. La. C.C.P. art. 3605 sets forth the decretal language requirements for injunctions:

> An order granting either a preliminary or a final injunction or a temporary restraining order shall describe in reasonable detail, and not by mere reference to the petition or other documents, the act or acts sought to be restrained. The order shall be effective against the parties restrained, their officers, agents, employees, and counsel, and those persons in active concert or participation with them, from the time they receive actual knowledge of the order by personal service or otherwise.

Thus, the judgment granting injunction must reasonably identify on its face: (1) the act or acts restrained; and (2) the party or parties restrained. To restrain an act relating to a certain immovable, that immovable must be reasonably identified on the face of the judgment. *Delta Duck Club v. Barrios*, 135 La. 357, 65 So. 489 (1914) ("to enjoin a person from going upon a tract of land the boundaries of that tract of land must be given with precision"); *Dassau v. Seary,* 158 So. 2d 243, 245 (La. Ct. App. 1963) (the appellate court, in issuing injunction against sheriff's sale of immovable property, included full legal description of the property); *Fed. Nat. Mortg.*

*Ass'n v. Williams*, 427 So. 2d 640 (La. Ct. App. 1983) (the appellate court, in issuing injunction against mortgagee which had purchased the subject immovable property at sheriff's sale, included full legal description of the immovable). [2]

The judgment in this case merely states that "the Sheriff's sale is enjoined from proceeding." It provides no identification of the immovable property whatsoever, and therefore fails to reasonably identify the act restrained on its face. This lack of decretal language renders the purported judgment a non-appealable non-judgment. We have no choice but to remand.

**Exception of prescription**

In light of the fact that injunction against the sheriff's sale is the only avenue of relief invoked by the plaintiff, the exception of prescription can serve only as a ground for the injunction. Therefore, it must be remanded as part and parcel of the injunction proceeding.

## CONCLUSION

The lack of an appealable judgment places this case outside the jurisdiction of this court. Therefore, this case is **REMANDED** for further proceedings.

---

[2] Also, for comparison, La. C.C.P. art. 1919 provides that "[a]ll final judgments which affect title to immovable property shall describe the immovable with particularity." Though article 1919 only applies to final judgments, not interlocutory judgments such as preliminary injunctions, the rationale is the same.

**ELLENDER, J., concurring.**

I respectfully concur with the majority finding that the judgment issued lacks the necessary specificity required by La. C.C.P. art. 3605; however, I write further to add clarity and direction on remand that this technical, but fatal, procedural error should not diminish the substantive finding of the trial court. In my view, seizure and sale by executory process should not be allowed under these facts because the petition did not include the handnote or pledge agreement evidencing the underlying debt that this collateral mortgage secured. La. C.C.P. art. 2637(C) provides that the enforcement of a collateral mortgage can be proved by providing, along with the verified petition, "the note, bond, handnote, or other evidence *representing the actual indebtedness*, attached as an exhibit." (Emphasis added.) A collateral mortgage note is not the actual indebtedness, the handnote is, and the pledge agreement ties that handnote to the collateral mortgage and collateral mortgage note. As this court stated in *Alaska Southern Partners v. Baxley*, 35,206 (La. App. 2 Cir. 10/31/01), 799 So. 2d 680: "A collateral mortgage note standing alone is virtually meaningless, as it has no intrinsic value and evidences no debt or obligation actually owed by or to anyone." Without evidence of the actual indebtedness, executory process should not be available to enforce a collateral mortgage.

1