M.P.

VERSUS

AMERICAN ECONOMY INSURANCE
COMPANY ET AL.

NO. 23-C-338

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPLICATION FOR SUPERVISORY REVIEW FROM THE
TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 785-298, DIVISION "L"
HONORABLE DONALD A. ROWAN, JR., JUDGE PRESIDING

November 16, 2023

**SCOTT U. SCHLEGEL**
**JUDGE**

Panel composed of Judges Stephen J. Windhorst,
Scott U. Schlegel, and Jason Verdigets, Pro Tempore

**REVERSED; SUMMARY JUDGMENT GRANTED;**
**PLAINTIFF'S CLAIMS AGAINST DEFENDANT**
**FERTILITY INSTITUTE OF NEW ORLEANS**
**DISMISSED WITH PREJUDICE**
    **SUS**
    **SJW**
    **JMV**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUB RECORDS

Morgan Naquin
Deputy, Clerk of Court

COUNSEL FOR DEFENDANT/RELATOR,
FERTILITY INSTITUTE OF NEW ORLEANS
    Benjamin J. Biller

COUNSEL FOR DEFENDANT/RESPONDENT,
ADVAGENIX, LLC AND DR. WILLIAM KEARNS
    Guice A. Giambrone, III
    Ivana Dillas

COUNSEL FOR DEFENDANT/RESPONDENT,
AMERICAN STATES INSURANCE COMPANY
    Alexis P. Joachim
    Jeffrey A. Clayman

COUNSEL FOR PLAINTIFF/RESPONDENT,
M.P.
    Kara H. Samuels
    Amanda J. Francis

**SCHLEGEL, J.**

Defendant, Fertility Institute of New Orleans ("FINO"), filed an application for supervisory writs asking this Court to reverse the trial court's denial of its motion for summary judgment seeking dismissal of plaintiff M.P.'s lawsuit. M.P. alleges that FINO, and its co-defendants, acted negligently in mishandling, labelling and transferring her embryos resulting in the implantation of a male embryo, instead of a female embryo as promised. In its writ application, FINO first argues that the trial court erred by denying its motion because M.P.'s own expert agrees that FINO was not negligent or at fault with respect to the handling, labelling and transferring of her embryos, and M.P. did not contest the request to dismiss this claim in her opposition. FINO further contends that the trial court erred by relying on a new claim for negligent hiring and retention of co-defendant contractor, AdvaGenix, which M.P. raised for the first time in her opposition brief, to deny its summary judgment motion. For the reasons explained more fully below, we agree with FINO and therefore, reverse the trial court's judgment denying FINO's summary judgment motion, grant the motion and dismiss all claims alleged by M.P. against FINO with prejudice.

## FACTS AND PROCEDURAL BACKGROUND

M.P. filed this lawsuit on June 29, 2018, against FINO, its insurer American States Insurance Company, AdvaGenix, Good Start Genetics, Inc. and William Kearns, Ph.D. M.P. alleges that she went to FINO in April 2016 for fertility treatment and eventually underwent in vitro fertilization with pre-implantation genetic screening. This involved egg retrieval and the creation of eight human embryos using donor sperm. FINO then biopsied cells from the embryos and sent the samples to co-defendant, AdvaGenix, for screening to identify any genetic abnormalities. The genetic screening revealed that six of the embryos were abnormal and two female embryos were normal.

In April 2017, FINO implanted one of the embryos that AdvaGenix classified as a genetically normal female embryo, resulting in M.P.'s pregnancy. In July 2017, M.P. underwent an ultrasound and learned she was carrying a male baby. M.P. alleged that as a result, she was not sure which embryo or even whose embryo FINO implanted. She was also concerned that the baby she was carrying was genetically abnormal due to the fact that AdvaGenix's testing indicated that all of the male embryos were abnormal. M.P. requested additional genetic testing of the remaining embryos and FINO sent biopsies for testing to co-defendant, Good Start. The subsequent analysis revealed completely different chromosome results for four embryos when compared to AdvaGenix's results and further indicated no normal male embryos. Due to the inexplicable conflicts existing between the two sets of genetic screening results, M.P. underwent additional testing, which confirmed she was carrying her own child. In December 2017, M.P. gave birth to a healthy baby boy.

In June 2018, M.P. filed this lawsuit seeking to recover medical and testing expenses, as well as damages for mental anguish and emotional distress. She alleged that FINO never provided her with an explanation for the inconsistencies and discrepancies in the testing results, thereby "indicating laboratory error or assay failure" by FINO, AdvaGenix and/or Good Start. The following allegations from the petition are the focus of the dispute regarding whether M.P. sufficiently alleged a claim for negligent hiring or retention against FINO:

> Defendant, Fertility Institute of New Orleans, is liable to Petitioner because M.P.'s injuries and damages were proximately and/or legally caused by the fault, including negligence, of FINO and its embryologists, physicians, officers, agents, employees, contractors, and any and all other individuals for whom it is financially and/or legally responsible, including the following negligent acts of omission and commission, among others, which may be shown at trial:
>
>> a. Negligently transferring the wrong embryo to M.P. on April 13, 2017 due to laboratory or assay failure;

b. Negligently mislabeling M.P.'s embryos in the laboratory; and/or

c. Negligently mishandling M.P.'s embryos in the laboratory.

After M.P. filed her petition, Dr. Barry Behr with Igenomix USA conducted additional testing on the genetic material of the embryos at M.P.'s request, and his results matched Good Start's findings. In his deposition taken in January 2023, Dr. Behr testified that based on his analysis, FINO did not bear any fault for the discrepancies in the genetic screening results and FINO was not negligent or at fault in the manner in which they transferred, labeled and handled the embryos. He further testified that he did not think FINO did anything wrong with respect to the treatment it provided to M.P. Based on this testimony, FINO filed a motion for summary judgment, and alternative exceptions of prematurity and prescription, on February 10, 2023, arguing that it should be dismissed from the case.

On April 14, 2023, M.P. filed an opposition to FINO's summary judgment motion. M.P. did not oppose FINO's request to dismiss her negligence claim based on the expert testimony. Rather, M.P. argued that genuine issues of material fact existed based on an alternative claim that FINO was negligent in hiring and retaining its contractor, AdvaGenix. In support of this claim, M.P. attached an expert affidavit from Dr. Justin Schleede, a molecular geneticist. He explained that AdvaGenix's negligent laboratory procedures caused a sample swap and further stated that FINO was negligent in retaining AdvaGenix because it was aware of prior instances involving a genetic screening discrepancy at AdvaGenix. Dr. Schleede opined that FINO should have investigated the lab and used a different contractor for M.P.'s testing. M.P. did not move to amend her petition to add these new facts or to state a specific claim for negligent hiring or retention against FINO.

In its reply brief filed on April 26, 2023, FINO argued that M.P. did not allege a claim for negligent hiring or retention in her petition and that her only

allegations against it were for its own alleged negligence in handling, transferring and labelling the embryos and vicarious liability for its contractors as stated in the allegations cited above. FINO argued that after five years of litigation and after the expiration of the deadline to amend pleadings, M.P. should not be allowed to raise a new cause of action for negligent hiring or retention in her summary judgment opposition.

At oral argument on June 13, 2023, FINO's counsel again argued that the allegations in M.P.'s petition at most state a claim asserting that FINO is vicariously liable for its contractors and that M.P. never moved to amend her petition to add a negligent hiring or retention claim against FINO. Counsel further argued that M.P. could not attempt to raise a new claim because the deadline to amend pleadings in the court's scheduling order expired on May 8, 2023. In response, M.P.'s counsel argued that they learned about the negligent hiring or retention claim with respect to AdvaGenix during the discovery process after she filed her petition. Her counsel further argued that Louisiana is a fact pleading state and the trial court should not apply technical pleading rules. Counsel urged the trial court to liberally construe the petition to include the negligent hiring or retention claim based on M.P.'s general allegations that FINO was responsible for its contractors. M.P.'s counsel also argued that the trial court should allow for the expansion of pleadings because FINO had notice of the claim based on discovery conducted on this issue.

Following oral argument, the trial court denied FINO's summary judgment motion based on the existence of genuine issues of material fact. The trial court though did not specify whether its finding pertained to both the negligence claim and the negligent hiring or retention claim. On June 15, 2023, the trial court

entered a written judgment denying FINO's summary judgment motion.[1] FINO filed a notice of intent to apply for supervisory writs and filed a timely writ application with this Court on July 7, 2023. After reviewing the writ application, this Court allowed the parties the opportunity to present oral argument and submit additional briefing in accordance with La. C.C.P. art. 966(H).[2]

## LAW AND DISCUSSION

In its writ application, FINO argues that the trial court erred by failing to grant summary judgment as to the negligence claim alleged in the petition because M.P. did not oppose summary judgment on this issue. FINO also argues that if the trial court determined genuine issues of material fact existed with respect to a negligent hiring or retention claim argued in M.P.'s opposition brief, the trial court erred because M.P. did not plead facts supporting this claim in her petition and did not ask to amend or supplement her petition to add this claim. FINO contends that M.P.'s general allegation that FINO is responsible for its contractor's conduct is at best a vicarious liability claim.

A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine issue of material fact. *Bell v. Parry*, 10-369 (La. App. 5 Cir. 11/23/10), 61 So.3d 1, 2. The summary judgment procedure is favored and is designed to secure the just, speedy, and inexpensive determination of every action. La. C.C.P. art. 966(A)(2). Under La. C.C.P. art. 966(D)(1), the initial burden is on the mover to show that no genuine issue of material fact exists. If the moving party will not bear the burden of proof at trial, the moving party must

---

[1] The trial court did not address FINO's alternative exceptions and they are not at issue in FINO's writ application.

[2] La. C.C.P. art. 966(H) provides:

> On review, an appellate court shall not reverse a trial court's denial of a motion for summary judgment and grant a summary judgment dismissing a case or party without assigning the case for briefing and permitting the parties an opportunity to request oral argument.

only point out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The nonmoving party must then produce factual support to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the nonmoving party fails to do so, there is no genuine issue of material fact, and summary judgment should be granted. *Babino v. Jefferson Transit*, 12-468 (La. App. 5 Cir. 2/21/13), 110 So.3d 1123, 1125.

Appellate courts review a judgment granting or denying a motion for summary judgment *de novo*. Thus, appellate courts ask the same questions the trial court does in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. *Breaux v. Fresh Start Properties, L.L.C.*, 11-262 (La. App. 5 Cir. 11/29/11), 78 So.3d 849, 852.

We first find that the trial court erred by failing to grant summary judgment to dismiss M.P.'s negligence claim against FINO for mishandling, mislabeling and transferring the embryos. M.P. did not oppose FINO's motion on this issue. Further, considering the expert testimony, no genuine issue of material fact exists to establish FINO's negligence in handling, labelling, or transferring the embryos.

With respect to the negligent hiring or retention claim, M.P. raises two arguments in opposition to FINO's writ application. First, she contends that her petition adequately pleads such a claim against FINO. Louisiana follows a system of fact pleading. *Martin v. Thomas*, 21-1490 (La. 6/29/22), 346 So.3d 238, 243. Although Louisiana law does not require "theory of the case" pleading, the plaintiff's petition must set forth facts upon which such recovery can be based. *Cangelosi v. Jefferson Parish Council*, 22-174 (La. App. 5 Cir. 12/14/22), 362 So.3d 868, 872, *writ denied*, 23-36 (La. 3/14/23), 357 So.3d 827. In *Certified Cleaning & Restoration, Inc. v. Lafayette Ins. Co.*, 10-948 (La. App. 5 Cir.

6/14/11), 67 So.3d 1277, 1282-83, *writ granted in part and remanded on other grounds,* 11-2174 (La. 11/18/11), 75 So.3d 466, this Court recognized that a claim for the negligent hiring of a contractor is a separate claim from one for the vicarious liability for an independent contractor's conduct. Recently, the Louisiana Supreme Court in *Martin*, *supra*, similarly confirmed that a negligent hiring or retention claim is distinct and independent from a vicarious liability claim.

In order to determine whether a principal is negligent for hiring an independent contractor, the court must consider the principal's knowledge at the time of the hiring. *Certified Cleaning & Restoration, supra*; *Lafayette Steel Erector, Inc. v. G. Kendrick, LLC*, 22-895, p. 5 (La. App. 1 Cir. 8/30/23), 2023 WL 5601961. A claim for negligent hiring is cognizable only if the claimant can show that the principal had knowledge when it hired the independent contractor that the independent contractor was irresponsible. *Id.*

After reviewing M.P.'s petition for damages, we agree that it neither references a claim for negligent hiring or retention nor asserts any facts supporting such a claim. It does not contain any facts or allegations to suggest FINO had prior knowledge of irresponsible behavior by AdvaGenix as required to state a claim. We also agree that M.P.'s general allegations regarding FINO's responsibility for its contractors are not sufficient to plead a claim for negligent hiring or retention.

M.P. alternatively argues that pursuant to La. C.C.P. art. 1154, the pleadings were expanded to include a negligent hiring or retention claim because FINO knew that M.P. was conducting discovery on this issue. La. C.C.P. art. 1154 generally allows for the addition of issues when tried by the express or implied consent of the parties:

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised by the pleading. Such amendment of the

pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure to so amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby, and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense on the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

In its reply brief to M.P.'s summary judgment opposition, FINO argued that M.P. could not raise a new claim in her opposition brief and did not concede to add or try a new negligent hiring or retention claim. Pursuant to La. C.C.P. art. 1154, an objection to an attempt to enlarge the pleadings, coupled with the plaintiff's failure to move for an amendment of the pleadings, is fatal to an issue not raised by the pleadings. *Alaska Southern. Partners v. Baxley*, 35,206 (La. App. 2 Cir. 10/31/01), 799 So.2d 680, 683. Said another way, the party who wishes to introduce evidence not within the issues raised by the pleadings must move that the pleadings be amended before the issue-raising evidence can be admitted over objection. *Id.* Because M.P. never moved to amend her petition to add a negligent hiring or retention claim, the issue was not properly before the trial court and could not serve as a basis for denying FINO's motion for summary judgment.

In addition, this Court has previously held that because a memorandum is not recognized as a pleading, a plaintiff cannot allege facts to raise a new claim for the first time in a memorandum in opposition to a motion for summary judgment. *See Williams v. Nelson*, 18-207 (La. App. 5 Cir. 12/19/18), 263 So.3d 466, 476-77, *writ denied*, 19-92 (La. 3/18/19), 267 So.3d 92 (finding that plaintiffs could not allege facts in support of a new fraud claim for the first time in an opposition to a summary judgment motion); *see also Stuckey v. Republic Fire and Casualty Insurance Company*, 19-445, p. 3 (La. App. 1 Cir. 1/9/20), 2020 WL 104382.

**DECREE**

For the reasons explained above, we grant defendant Fertility Institute of New Orleans's writ application and reverse the trial court's judgment denying its motion for summary judgment. We further grant the summary judgment motion and dismiss M.P.'s claims against defendant, Fertility Institute of New Orleans, with prejudice.

**REVERSED; SUMMARY JUDGMENT GRANTED; PLAINTIFF'S CLAIMS AGAINST DEFENDANT FERTILITY INSTITUTE OF NEW ORLEANS DISMISSED WITH PREJUDICE**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **NOVEMBER 16, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 23-C-338

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE DONALD A. ROWAN, JR. (DISTRICT JUDGE)
BENJAMIN J. BILLER (RELATOR)          GUICE A. GIAMBRONE, III (RESPONDENT)          IVANA DILLAS (RESPONDENT)
ALEXIS P. JOACHIM (RESPONDENT)        KARA H. SAMUELS (RESPONDENT)

**MAILED**
JEFFREY A. CLAYMAN (RESPONDENT)       AMANDA J. FRANCIS (RESPONDENT)
ATTORNEY AT LAW                       ATTORNEY AT LAW
1100 POYDRAS STREET                   4004 CANAL STREET
SUITE 3300                            NEW ORLEANS, LA 70119
NEW ORLEANS, LA 70163